IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2008 FEB 22  P 2: 30

| | |
|---|---|
| ROSE RILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION NO. 2:08cv132-MHT |
| | ) |
| NATIONSCREDIT FINANCIAL | ) |
| SERVICES CORPORATION; | ) |
| FAIRBANKS CAPITAL | ) |
| CORPORATION; and Fictitious | ) |
| Defendants A, B and C, whether | )    Removed from the Circuit Court |
| singular or plural, those other | )    of Montgomery, Alabama, |
| persons, corporations, firms or | )    Case No. CV-2007-001937 |
| other entities whose wrongful | ) |
| conduct caused the injuries and | ) |
| damages to the Plaintiff, all of | ) |
| whose true and correct names are | ) |
| unknown to the Plaintiff at this time | ) |
| but will be substituted by | ) |
| amendment when ascertained, | ) |
| | ) |
| Defendants. | ) |

## JOINT NOTICE OF REMOVAL

COME NOW Defendants NationsCredit Financial Services Corporation

("NationsCredit") and Select Portfolio Servicing, Inc. ("SPS"), formerly known as

Fairbanks Capital Corporation, and hereby give notice of removal and remove this

cause of action from the Circuit Court of Montgomery County, Alabama, where it

is now pending, to the United States District Court for the Middle District of

Alabama, Northern Division.   Such removal is expressly subject to, and

NationsCredit and SPS expressly reserve, all bases for dismissal set forth in their respective Motions to Dismiss as well as any and all affirmative defenses to Plaintiff's Complaint. NationsCredit and SPS further expressly reserve and do not waive any right they may have to binding arbitration. As grounds for removal, NationsCredit and SPS show this Court as follows:

## A. Procedural Background

1.    This civil action was filed on or about December 11, 2007 in the Circuit Court of Montgomery County, Alabama. According to the records of the Clerk of the Court, copies of the summons and Complaint were served on Cynthia W. Williams, purportedly as representative of NationsCredit. Ms. Williams is not an officer, partner, managing or general agent of NationsCredit. Nor is Ms. Williams an agent authorized by appointment or law to receive service of process for NationsCredit. As such, NationsCredit was never properly served with the summons and Complaint. ALA. R. CIV. P. 4(c)(6). Plaintiff also failed to properly serve SPS under the applicable Rules. Instead of serving one of the specified individuals identified for service in the Rules, Plaintiff served copies of the summons and Complaint upon counsel for SPS on or about December 20, 2007. True and correct copies of all process, pleadings, and orders served upon NationsCredit and SPS and/or filed in this action are attached hereto collectively as

Exhibit A.

2.    Plaintiff's Complaint asserts state law claims of breach of contract, fraudulent misrepresentation/fraudulent suppression, negligence, and unjust enrichment.  As to each claim, Plaintiff demands unspecified "compensatory and punitive damages as a jury deems reasonable, plus costs."  (Compl., Counts One, Two, Three, and Four.)  In her "Prayer for Relief," Plaintiff demands "injunctive relief actual and general damages according to proof; statutory damages and penalties; punitive damages according to proof; reasonable court and attorney's fees; and all such other and further relief as the Court deems just."  (Compl., Prayer for Relief.)  The Complaint, as pled, does not unambiguously establish that the amount in controversy exceeds $75,000 exclusive of interest and costs.

### B. Diversity Jurisdiction

3.    In her Complaint, Plaintiff alleges that she is a citizen of Montgomery County, Alabama.

4.    NationsCredit is incorporated under the laws of the State of North Carolina and has its principal place of business in Jacksonville, Florida. NationsCredit is not a citizen of the State of Alabama as contemplated under 28 U.S.C. § 1332(c).

5.     SPS is incorporated under the laws of the State of Utah and has its principal place of business in Salt Lake City, Utah.  SPS is not a citizen of the State of Alabama as contemplated under 28 U.S.C. § 1332(c).

6.     Consequently, based on the face of the Complaint, there is complete diversity of citizenship.

## C. Amount In Controversy

7.     The amount in controversy exceeds $75,000.  *See* Plaintiff's settlement demand and draft settlement agreement, attached hereto as Exhibit B, and Plaintiff's Responses to NationsCredit's Request for Admission and Answers to Interrogatories, attached hereto as Exhibit D.

## D. This Removal is Timely Under § 1446(b)

8.     Where a case is not removable based upon the initial pleading, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446.

9.     When a plaintiff's complaint contains an unspecified demand for damages, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional

requirement of $75,000 for removals based on diversity jurisdiction. *Leonard v. Enterprise Rent-A-Car,* 279 F.3d 967, 972 (11th Cir. 2002). In *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), the Eleventh Circuit Court of Appeals recently discussed how the defendant can carry its burden of proving that the plaintiff's claim exceeds the requisite jurisdictional amount. The Eleventh Circuit in *Lowery* stated that in determining whether removal is appropriate, "the court considers the document received by the defendant from the plaintiff - be it the initial complaint or a later received paper - and determines whether that document and that notice of removal *unambiguously* establish federal jurisdiction." *Id.* at 1213 (emphasis added). Mere conclusory allegations and speculation as to the presence of diversity jurisdiction are insufficient to remove a case to federal court. *Id.* at 1213-15, 1216-17.

10.    Further, the Eleventh Circuit in *Lowery* stated that it is "highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case such as the one before us - where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to base its notice-without seriously testing the limits of compliance with [Federal Rule of Civil Procedure] 11." *Lowery,* 483 F.3d at 1213 n. 63. The Court noted that in a case like this one involving a complaint with an unspecified

damages claim, a defendant typically cannot sign a notice of removal in good faith until the defendant receives a document or "other paper" from the plaintiff containing information pertaining to the value of the plaintiff's claim. *Id.; see also* 28 U.S.C. § 1446(b). Such a document or "other paper" includes, for example, settlement offers, demand letters, responses to requests for admission, and interrogatory answers. *Lowery,* 483 F.3d at 1212 n.62.

11.    On February 6, 2008, Defendants received from Plaintiff a written settlement demand and draft settlement agreement. As a compromise of her claims against NationsCredit and SPS, Plaintiff offered to accept full payoff of her outstanding mortgage plus $30,000.00. Copies of Plaintiff's correspondence and draft settlement agreement are attached hereto as Exhibit B. Although payment of the outstanding mortgage amount was a condition of settlement, Plaintiff did not indicate the amount of her mortgage in either her correspondence or the draft settlement agreement. The records for the mortgage, however, reflect an unpaid principal balance of $97,512.53 and a total payoff amount of $146,474.98. Affidavit of Dustin Stephenson, attached hereto as Exhibit C, ¶¶ 4-6.

12.    On February 14, 2008, Plaintiff served Defendants with Responses to NationsCredit's Requests for Admission and Answers to Interrogatories. In her Responses to Defendant's Requests for Admission, Plaintiff admits that the value

of her claims exceed $75,000, exclusive of interest and costs. Requests for Admission Answers 1 & 2, a copy of Plaintiff's discovery responses is attached hereto as Exhibit D. Additionally, Plaintiff's settlement demand for payoff of her mortgage plus $30,000 confirms that Plaintiff is seeking damages in excess of the jurisdictional amount. Accordingly, Plaintiff's claimed damages clearly exceed the jurisdictional amount necessary for removal. *See, e.g., Bankhead v. American Suzuki Motor Corp.,*– F. Supp. 2d –, 2008 WL 96095, *5 (M.D. Ala. Jan. 7, 2008) ("The court therefore concludes that, on the basis of the initial settlement letter seeking $150,000.00, American Suzuki has proven by a preponderance of the evidence that, at the time of removal, the amount-in-controversy requirement under 28 U.S.C. § 1332 was met and that removal was proper under 28 U.S.C. § 1441."); *Awad v. Cici Enterprises*, No. 8:06-CV-1278-T, 2006 WL 2850108, *2 (M.D. Fla. Oct. 3, 2006) ("In addition, Defendant indicates that Plaintiff has admitted to the fact that she is seeking damages in excess of $75,000 based on her response to a request for admission. In light of Plaintiff's admission and her request for damages, this Court concludes that Defendant has proven by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.").

13.    Plaintiff's demand for punitive damages is, of course, included in the determination of the amount in controversy. Moreover, as this Court is aware,

punitive damages in cases against out-of-state financial services and insurance companies frequently exceed $75,000. *See, e.g., Foremost Ins. Co. v. Parham*, 693 So. 2d 409, 435 (Ala. 1997) (affirming judgment of compensatory damages of $1,863.00 and punitive damages of $175,000.00 for one set of plaintiffs and compensatory damages of $1,429.00 and punitive damages of $173,000.00 for another); *Liberty National Life Ins. Co. v. McAllister*, 675 So. 2d 1292 (Ala. 1995) (affirming jury award of $1,000 in compensatory damages and $1,000,000 in punitive damages); *Prudential Property & Casualty Ins. Co. v. Haygood*, 599 So. 2d 618 (Ala. 1992) (affirming $117,000.00 jury verdict in bad faith, misrepresentation and breach of contract case). *See also Davis v. Carl Cannon Chevrolet-Olds, Inc.*, 182 F.3d 792, 797 (11th Cir. 1999) (recognizing that Alabama's "state court system . . . has on occasion produced gigantic awards against out-of-state corporate defendants").

14.    As stated above, Plaintiff's Complaint does not unambiguously establish that the amount in controversy exceeds $75,000 exclusive of interest and costs.    Accordingly, it was unascertainable at the time of the filing of the Complaint whether the matter was removable.

15.    In compliance with 28 U.S.C. § 1446, this Notice of Removal is being filed within thirty (30) days after NationsCredit and SPS's receipt, through service

or otherwise, of an "other paper" demonstrating that this case is removable.    28 U.S.C. § 1446.

### D. The Other Prerequisites of Removal Have Been Satisfied

16.    This case is properly removable to this Court pursuant to 28 U.S.C. § 1441, on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

17.    Notice of this removal is being timely filed with the Clerk of the Circuit Court for Montgomery County, Alabama.

18.    All named Defendants have consented to and joined in this removal. 28 U.S.C. § 1446(a).  For the purposes of joinder in the removal, fictitious parties are ignored.  *See, e.g., Gilberg v. Stepan Co.*, 24 F. Supp. 2d 325, 329 n.2 (D.N.J. 1998) (removing party is not required to obtain the consent of fraudulently joined, fictitious, or unserved parties).

19.    Defendants have sought no similar relief with respect to this matter.

20.    The allegations of this Notice are true and correct, the case is currently pending in a county within the jurisdiction of the United States District Court for the Middle District of Alabama, and this cause is properly removable to the United States District Court for the Middle District of Alabama.

21.    If any question arises as to the propriety of the removal of this action, SPS and NationsCredit respectfully request the opportunity to present a brief and

oral argument in support of their position that this case is removable. *Sierminski v.*

*Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

Respectfully Submitted,

John W. Scott
jscott@scottdukeslaw.com
Kimberly W. Geisler
kgeisler@scottdukeslaw.com

Attorneys for Defendant,
NationsCredit Financial Services
Corporation

**OF COUNSEL:**
SCOTT DUKES & GEISLER, P.C.
2100 Third Avenue North
Suite 700
Birmingham, Alabama 35203
Telephone: (205) 251-2300

Thomas W. Thagard III
thagard@maynardcooper.com
John David Collins
jcollins@maynardcooper.com

Attorneys for Defendant Select
Portfolio Servicing Company, Inc.
f/k/a Fairbanks Capital Corporation

**OF COUNSEL:**
Maynard, Cooper & Gale, P.C.
Regions/Harbert Plaza
1901 6th Avenue North, Suite 2400
Birmingham, Alabama 35203-2618
Telephone: (205) 254-1000

10

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following counsel of record to this proceeding by placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid this 22ⁿᵈ day of February 2008.

Ms. Rose Riley
901 Brookland Curve
Montgomery, Alabama 36117

OF COUNSEL

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| **ROSE C. RILEY,  PRO SE** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CASE NO.  CV-2007-_1937_** |
| ) | |
| **NATIONSCREDIT FINANACIAL** ) | |
| **SERVICES CORPORATION;** ) | |
| **FAIRBANKS CAPITAL** ) | |
| **CORPORATION;** ) | |
| **and Fictitious Defendants A, whether** ) | |
| **B and C, singular or plural, those** ) | |
| **other persons, corporations, firms or** ) | |
| **other entities whose wrongful** ) | |
| **conduct caused the injuries and** ) | |
| **damages to the Plaintiff, all of whose** ) | |
| **true and correct names are unknown** ) | |
| **to the Plaintiff at this time but will be** ) | |
| **substituted by amendment when** ) | |
| **ascertained,** ) | |
| **Defendants.** ) | |

## COMPLAINT

### Statement of the Parties

1.  **COMES NOW,**  the Plaintiff, Rose C. Riley, Pro Se, in the above-captioned case and avers to the Honorable Court of Jurisdiction that she is over the age of 21 years old and resides in the city of  Montgomery, Alabama; Montgomery County, Alabama.

2. Defendant, Nationscredit Financial Services Corporation of Alabama (hereinafter referred to as "Nationscredit"), is a domestic North Carolina Corporation, and at all times material to the complaint was doing business by agent in Montgomery County, Alabama.

3. Defendant, Fairbanks Capital Corporation (hereinafter referred to as "Fairbanks"), is a Utah corporation with its principal place of business at 3815 Southwest Temple Street; Salt Lake City, Utah 84115.

4. Fictitious Defendants A, B, and C, whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the Plaintiff, all of whose true and correct names re unknown to the Plaintiff at this time but will be substituted by amendment when ascertained.

### Statement of the Facts

5. That Rose C. Riley, an unmarried women, executed a note and mortgage to Nations Credit on or about the 20th day of October, 1999, on the following Property located in Montgomery County, Alabama, via:

> Lot 11, Block E, according to the Map of Dexter Ridge,
> Plot No. 5, as said Map appears of record in the Office
> Of the Judge of Probate of Montgomery County, Alabama,
> In Plat Book 43, at Page 158.

6. That Nationscredit's conduct in dealing with the Plaintiff was consistent with a pattern and practice of fraudulent conduct committed toward others similarly situated.

7. As a result, the Plaintiff filed a lawsuit; **ROSE RILEY v. NATIONSCREDIT FINANCIAL SERVICES CORPORATION OF ALABAMA CASE NO. CV-2000-2931GR** because of the Defendants intentional, gross, wanton, malicious, oppressive & negligent conduct.

8. The Mediation and Settlement Agreement that occurred between The Plaintiff and Nationscredit was never completely corrected to the satisfaction of the Plaintiff. According to the Settlement, payments were to be made to Nationscredit's P.O.Box and that payment corrections would follow which never occurred.

9. A false and misleading representation about the transfer of Plaintiff's account from Nationscredit to Fairbanks. The Plaintiff relied on the Defendants to provide correct information and financial disclosures as required under the Federal Truth in Lending Act.

10. That Fairbanks deliberately mismanaged the Plaintiff's mortgage payments by their own admission to the Attorney General's Office dated August 6, 2003. Fairbanks submitted false credit reporting and incorrect information on Plaintiff's account to all major Credit Bureaus.

11. That Nationscredit and Fairbanks have both violated the Real Estate Practices Settlement Act (RESPA); Section 6, on numerous occasions. That the Defendants have violated applicable state laws and regulations. In addition, the Defendants have violated other applicable Federal and Alabama State laws that will be disclosed during the trial.

12. That Nationscredit scheduled a foreclosure sale on the unresolved disputed property for December 11,2007. That the Defendants have conspired to cause or assist in causing default on the property in retaliation and both have a reputation and a well-documented pattern of predatory lending practices.

## COUNT ONE
### Breach of Contract

13. Plaintiff adopt and incorporate all previous allegations in full.

14. Nationscredit breached a Mediation and Settlement Agreement by not completing all the terms and agreements of the contract with Plaintiff.

15. Fairbanks misapplied or failed to apply payments, and imposed late fees and other charges not due, all in breach of contract with Plaintiff.

16. Fairbanks did breach their contractual obligations by falsely reporting information to the major Credit Bureaus.

17. As a proximate result, Plaintiff was injured and damaged as follows: that Plaintiff was caused to impair her credit standing; that Plaintiff loss refinancing and home equity loans; that lost monies and other hardships caused the Plaintiff to ultimately file bankruptcy; and as a result Plaintiff suffered mental anguish, physical distress, loss of employment due to stress; and other, further and different injuries and damages.

WHEREFORE, Plaintiff demands judgment against all Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, plus cost.

## COUNT TWO
### Fraud and Suppression

18. Plaintiff adopt and incorporate all previous allegations in full.

19 Fairbanks and Nationscredit misrepresented to Plaintiff who was entitled to collect various charges and the servicing of her mortgage loan by not disclosing corrected and updated information in a timely manner.

20. Fairbanks and Nationscredit also suppressed and concealed those material facts previously describe herein, including the material fact that Plaintiff's mortgage payments were, in truth, designed to be misapplied. The fact that Nationscredit transferred the Plaintiff's account to Fairbanks never materialized according to the Nationscredit P. O. Box payment address given Plaintiff and current foreclosure Notice dated December 11, 2007.

21. These facts either suppressed by, or misrepresented by Nationscredit and Fairbanks were material and Plaintiff relied to her detriment as a result thereof.

WHEREFORE, Plaintiff demands judgment against all Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## COUNT THREE
### Negligence

22. Plaintiff adopt and incorporate all previous allegations in full.

23. Fairbanks and Nationscredit breached that duty of care and diligence owed to Plaintiff by engaging in those practices and actions described in this Complaint.

WHEREFORE, Plaintiff demands judgment against all Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## COUNT FOUR
### Unjust Enrichment

24. Plaintiff adopt and incorporate all previous allegations in full

25. As a result of the fraudulent and improper conduct described herein, Fairbanks and Nationscredit has both been unjustly enriched at the expense of the unknowing Plaintiff. Under these circumstances, and pursuant to the equitable principles recognized by Alabama law, both Defendants should not be allowed to obtain its ill-gotten gain, which was obtained through their fraudulent and improper conduct.

WHEREFORE, Plaintiff demands judgment against all Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, plus cost.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that this Honorable Court provide the following: injunctive relief actual and general damages according to proof; statutory damages and penalties; punitive damages according to proof; reasonable court and attorney's fees; and all such other and further relief as the Court deems just. That all attempts to perfect the illegal foreclosure sale of the property or ejection of the Plaintiff be null, void, stayed, halted or terminated pending this compliant

## PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

DATED THIS <u>December, 11, 2007</u>
RESPECTFULLY SUBMITTED


BY:_____

Rose C. Riley, Pro. Se.


Rose C. Riley
901 Brookland Curve
Montgomery, Alabama 36117
(334) 273-9119

## CERTIFICATE OF SERVICE

**I do by hereby certify that I have served a copy of the foregoing complaint and Summons on the following Defendants:**

Cynthia W. Williams, Attorney at Law with
Sirote and Permutt, P.C. for:
Nationscredit Financial Services Corporation
2311 Highland Avenue South
Birmingham, Alabama 35205
Telephone: (205) 930-5191
Facsimile: (205) 930-5399

John David Collins, Attorney at Law with
Maynard, Cooper & Gale, P.C. for:
Fairbanks Capital Corporation
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Telephone: 205-254-1000
Facsimile: 205-254-1999



ELECTRONICALLY FILED
1/17/2008 8:58 AM
CV-2007-001937.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

ROSE C. RILEY, PRO SE   )
          )
  **Plaintiff,**     )
          )
v.           )   **CIVIL ACTION NO.**
          )   **CV-2007-001937**
NATIONSCREDIT FINANCIAL  )
SERVICES CORPORATION;   )   **SET FOR HEARING ON**
FAIRBANKS CAPITAL    )  **APRIL 7, 2008 at 8:30 a.m.**
CORPORATION; and Fictitious  )
Defendants A, whether B and C, singular )
or plural, those other persons,  )
corporations, firms or other entities )
whose wrongful conduct caused the )
injuries and damages to the Plaintiff, all )
of whose true and correct names are )
unknown to the Plaintiff at this time but )
will be substituted by amendment when )
ascertained,       )
          )
  **Defendants.**    )
          )

## MOTION TO DISMISS

COMES NOW NationsCredit Financial Services Corporation ("NationsCredit"), pursuant to Rules 12(b)(5) and 12(b)(6) of the Alabama Rules of Civil Procedure, and moves this Court to dismiss Plaintiff Rose Riley's claims against NationsCredit with prejudice. In support of this Motion, NationsCredit relies upon the Memorandum of Law filed herewith.

Respectfully submitted,


/s/ John W. Scott
                    John W. Scott
                    Kimberly W. Geisler
                    Attorneys for Defendant
                    NationsCredit Financial
                    Services Corporation


**OF COUNSEL:**
SCOTT DUKES & GEISLER, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
Telephone: (205) 251-2300
Telecopier: (205) 251-6773

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing by U.S. Mail, addressed as follows:

Ms. Rose C. Riley
901 Brookland Curve
Montgomery, Alabama 36117

John David Collins, Esq.
Maynard Cooper & Gale, P.C.
AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

DONE this the 17th day of January, 2008

/s/ John W. Scott
Of Counsel

42696.1


ELECTRONICALLY FILED
1/17/2008 8:58 AM
CV-2007-001937.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| **ROSE C. RILEY, PRO SE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **CV-2007-001937** |
| **NATIONSCREDIT FINANCIAL** | ) | |
| **SERVICES CORPORATION;** | ) | **SET FOR HEARING ON** |
| **FAIRBANKS CAPITAL** | ) | **APRIL 7, 2008 at 8:30 a.m.** |
| **CORPORATION; and Fictitious** | ) | |
| **Defendants A, whether B and C,** | ) | |
| **singular or plural, those other** | ) | |
| **persons, corporations, firms or** | ) | |
| **other entities whose wrongful** | ) | |
| **conduct caused the injuries and** | ) | |
| **damages to the Plaintiff, all of** | ) | |
| **whose true and correct names are** | ) | |
| **unknown to the Plaintiff at this** | ) | |
| **time but will be substituted by** | ) | |
| **amendment when ascertained,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM OF LAW IN SUPPORT OF NATIONSCREDIT FINANCIAL SERVICES CORPORATION'S MOTION TO DISMISS

COMES NOW Defendant NationsCredit Financial Services Corporation ("NationsCredit"), as successor in interest to NationsCredit Financial Services Corporation of Alabama, and submits this Memorandum of Law in Support of NationsCredit's Motion to Dismiss filed herewith.

## STATEMENT OF FACTS

In October 1999, Plaintiff Rose Riley ("Plaintiff") entered into a loan transaction with NationsCredit to refinance her home mortgage loan. Plaintiff executed a promissory note which was secured by property located in Montgomery County, Alabama. Compl. ¶ 5. In 2000, this loan transaction became the subject of a lawsuit filed by Plaintiff in Montgomery County Circuit Court against NationsCredit (the "2000 Lawsuit"). Compl. ¶ 7.

In May 2002, Plaintiff settled the 2000 Lawsuit and executed a Settlement Agreement and Release. A true and correct copy of the Settlement Agreement and Release is attached hereto.[1] In the instant case, Plaintiff claims that NationsCredit "never" made the "payment corrections" required by the Settlement Agreement. Compl. ¶ 8. Plaintiff further contends that NationsCredit made an unspecified "false and misleading representation" about the transfer of Plaintiff's account to Defendant Fairbanks Capital Corporation ("Fairbanks"). Compl. ¶ 8. According to Plaintiff, Fairbanks assumed responsibility for her account sometime prior to August 2003.

---

[1] If a plaintiff fails to introduce a document that is referred to in, and is central to, his complaint, the defendant may introduce the exhibit as part of his motion attacking the pleading, and the motion will not be converted to a summary judgment motion. *See Donoghue v. American Nat'l Ins. Co.*, 838 So. 2d 1032, 1035 (Ala. 2002) (quoting *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997) (concluding that if a document is referred to in the complaint and is central to the plaintiff's claim, the defendant may submit an authentic copy in connection with a motion to dismiss)).

Compl. ¶ 9.

Plaintiff filed the instant Complaint on December 11, 2007. Plaintiff requested service by certified mail and identified a lawyer at Sirote & Permutt, P.C., in Birmingham, Alabama, to receive service for NationsCredit.

## PLAINTIFF'S CLAIMS

In her Complaint, Plaintiff asserts four claims against NationsCredit. In Count One, Plaintiff vaguely alleges that NationsCredit breached unidentified "terms and agreements" in the Settlement Agreement and Release. In Count Two, Plaintiff asserts claims of fraud and suppression. Count Three is a claim of negligence and Count Four is a claim of unjust enrichment.

## ARGUMENT

**A.    Plaintiff's Complaint is due to be dismissed for insufficiency of service of process.**

Due process under the United States Constitution requires "more than mere notice to the defendant." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Due process requires "a basis for the defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the defendant." *Omni Capital*, 484 U.S. at 104. In other words, a named defendant "is not obliged to engage in litigation unless notified of the action,

3

*and* brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (emphasis added).

Service of process upon a corporate defendant is governed by ALA. R. CIV. P. 4(c)(6), which states that service shall be made "by serving an officer, a partner (other than a limited liability partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." ALA. R. CIV. P. 4(c)(6). In this case, Plaintiff failed to serve an officer, partner, or managing or general agent of NationsCredit. Nor is the individual served by Plaintiff authorized by appointment or by law to receive service of process for NationsCredit.

"When the service of process on the defendant is contested as being improper or invalid, the burden of proof is on the plaintiff to prove that service of process was performed correctly and legally." *Ex parte Volkswagenwerk Aktiengesellschaft,* 443 So. 2d 880, 884 (Ala. 1983). Plaintiff cannot demonstrate that NationsCredit was properly served in accordance with the Rules. Accordingly, pursuant to Rule 12(b)(5) of the Alabama Rules of Civil Procedure, Plaintiff's Complaint is due to be dismissed.

**B.      Plaintiff's Complaint fails to state a claim upon which relief may be granted.**

1.      *Plaintiff's breach of contract claim fails to meet the Rule 8 requirements for notice pleading.*

4

On May 21, 2007, the United States Supreme Court examined the standards for notice pleading under Rule 8 and 12(b)(6) of the Federal Rules of Civil Procedure and clarified the requirements that a complaint must satisfy to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In so doing, the Supreme Court expressly disapproved and retired *Conley v. Gibson* and the standard stated therein for surviving a Rule 12(b)(6) motion to dismiss. *Twombly*, 127 S. Ct. at 1968. The *Twombly* decision affirmed that the proper interpretation of Rules 8 and 12(b)(6) is that: (1) notice pleading requires allegations of fact which establish a plausible, not just possible, basis of recovery, (2) minimum standards of pleading are not satisfied with conclusory, formulaic recitations of the legal elements of a cause of action, and (3) the mere possibility of finding some shred of evidence to support a claim through discovery is not a substitute for proper pleading at the outset. *Id.* at 1964-67.

While the Alabama Supreme Court has not yet specifically addressed the applicability of *Twombly* in the courts of this State, because Alabama generally looks to the Federal Rules of Civil Procedure for guidance in applying the Alabama rules, the standards recently enunciated in *Twombly* should also guide Alabama courts in applying the Alabama Rules of Civil Procedure. The Alabama Supreme Court has

5

acknowledged that the Alabama Rules of Civil Procedure are based on the Federal Rules and that federal court decisions are "highly persuasive" in the interpretation of the Alabama Rules. *Ex parte Full Circle Distrib., L.L.C.*, 883 So. 2d 638, 642 (Ala. 2003) ("Because the Federal Rules of Civil Procedure were used as a model for Alabama's procedural rules, these federal decisions are highly persuasive when we are called upon to construe the Alabama Rules.") (internal citations omitted) Indeed, as to Rules 8 and 12(b)(6), the Alabama Supreme Court has adopted *Conley v. Gibson*, 78 S.Ct. 99 (1957), as the "classic statement of the proper test of the sufficiency of a complaint." *Dempsey v. Denman*, 442 So. 2d 63, 64 (Ala. 1983). For decades, the Alabama Supreme Court has routinely cited and relied upon *Conley* for the proposition that Rule 12(b)(6) dismissal is only warranted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (citing prior cases relying upon *Conley*). This reliance is no longer appropriate.

In this case, however, under either possible applicable standard for a motion to dismiss– the old *Conley v. Gibson* standard or the recently articulated *Bell Atlantic Corp. v. Twombly* standard– Plaintiff has abjectly failed to plead any predicate facts that would support a claim of breach of contract against NationsCredit. The entirety of Plaintiff's allegations in support of her claim against NationsCredit are:

6

"Nationscredit breached a Mediation and Settlement Agreement by not completing all the terms and agreements of the contract with Plaintiff." Compl. ¶ 14. "[A] claim based upon a breach of contract must specify the terms of the contract alleged to have been breached." *Eason v. Middleton*, 398 So. 2d 245, 249 (Ala. 1981) (distinguishing a tort claim based upon a breach of the "standard of care" from a contract claim which requires *specificity* as to the term allegedly breached). Plaintiff has failed to allege in even the most general of terms which "terms and agreements" of the Settlement Agreement were allegedly breached by NationsCredit. Accordingly, Plaintiff's breach of contract claim does not meet the minimum pleading requirements of Rule 8 and is due to be dismissed.

> 2. *Plaintiff's claims of fraud (Count Two), negligence (Count Three), and unjust enrichment (Count Four) against NationsCredit are barred by the applicable statutes of limitations.*

In her Complaint, Plaintiff alleges that NationsCredit's conduct was the basis of a lawsuit in 2000. Plaintiff alleges that she settled the lawsuit and executed a Settlement and Release Agreement in May 2002. *See* Exhibit 1. Plaintiff claims that "payment corrections," allegedly required by the Settlement Agreement, were "never made." Compl. ¶ 8. She further alleges that NationsCredit made a "false and misleading representation" about the transfer of her account to Fairbanks. Compl. ¶ 9. According to the Complaint, Fairbanks began managing Plaintiff's account some

7

time before August 6, 2003. Compl. ¶ 9. Thus, based on the allegations contained in the Complaint, the actions by NationsCredit's giving rise to Plaintiff's claims occurred no later than August 2003.

Plaintiff's claims of negligence, fraud, and unjust enrichment are subject to a two year statute of limitations. *See* ALA. CODE § 6-2-38 (1975). *See also Watson, Watson, Rutland/Architects, Inc. v. Montgomery Cty. Bd. of Educ.*, 559 So. 2d 168 (Ala. 1990) (negligence claim accrues as soon as the plaintiff is entitled to maintain the action, *i.e.*, at the time of the first legal injury, regardless of whether the full amount of damages is apparent); *Jackson v. Secor Bank*, 646 So. 2d 1377, 1379 (Ala. 1994) (statute of limitations barred fraud claim against bank for placing retirement funds in a taxable account, instead of a tax-deferred IRA; statute of limitations began to run at the time the plaintiff received a Form 1099 from the bank showing that the interest income from the account was being reported to the IRS). Based solely upon the allegations in Plaintiff's Complaint, the statute of limitations for Plaintiff's claims of negligence, fraud and unjust enrichment against NationsCredit began to run in August 2003 and expired in August 2005– more than two years before Plaintiff filed the instant Complaint. Accordingly, pursuant to Rule 12(b)(6), Plaintiff's claims of fraud, negligence and unjust enrichment are due to be dismissed for failure to state a claim upon which relief may be granted.

3.   *Even if they were not time barred, Plaintiff's fraud claims are due to be dismissed because Plaintiff failed to plead fraud with particularity in accordance with Rule 9(b) of the Alabama Rules of Civil Procedure.*

To state a claim for fraud, Plaintiff must comply with the requirements of ALA. R. CIV. P. 9(b), which provides that "[i]n all averments of fraud . . . , the circumstances constituting fraud . . . shall be stated with particularity." ALA. R. CIV. P. 9(b). Rule 9(b) "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" *Morrow v. Green Tree Serv., LLC*, 360 F. Supp. 2d 1246, 1250 (M.D. Ala. 2005) (quoting *Durham v. Business Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988)). At a minimum, Plaintiff must set forth the place, the time, the contents of the false misrepresentations, the fact(s) misrepresented, and an identification of what Defendants purportedly obtained. *See Lyde v. United Ins. Co. of America*, 628 So. 2d 665, 670 (Ala. Civ. App. 1993) (citing *Robinson v. Allstate Ins. Co.*, 399 So. 2d 288 (Ala. 1981)).

In this case, even if Plaintiff's claims of fraud were not time barred, Plaintiff's conclusory allegations of fraud do not meet the requirements of Rule 9(b). Plaintiff has failed to allege even the most rudimentary of facts that would sustain a fraud claim under Rule 9(b). Plaintiff does not allege *when* or *where* the fraudulent

misrepresentations occurred, *what* the representations were or *who* made the fraudulent misrepresentations. In sum, Plaintiff has failed to plead her fraud claim with the requisite particularity, and for that reason alone, it should be dismissed. ALA. R. CIV. P. 9(b).

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant NationsCredit Financial Services Corporation respectfully requests that this Court dismiss Plaintiff Rose Riley's Complaint and all claims against NationsCredit with prejudice.

Respectfully submitted,

/s/ John W. Scott
John W. Scott
Kimberly W. Geisler
Attorneys for Defendant
NationsCredit Financial
Services Corporation

**OF COUNSEL:**
SCOTT DUKES & GEISLER, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
Telephone: (205) 251-2300
Telecopier: (205) 251-6773

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing by U.S. Mail, addressed as follows:

Ms. Rose C. Riley
901 Brookland Curve
Montgomery, Alabama 36117

John David Collins, Esq.
Maynard Cooper & Gale, P.C.
AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

/s/ John W. Scott
Of Counsel

42650

11



ELECTRONICALLY FILED
1/22/2008 3:18 PM
CV-2007-001937.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| Rose C. Riley | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. 2007-001937** |
| | ) | |
| **NationsCredit Financial Services** | ) | |
| **Corporation; Fairbanks Capital Corporation** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### MOTION TO DISMISS

Defendant Select Portfolio Servicing, Inc. ("SPS"), formerly known as Fairbanks Capital Corp., moves the Court to dismiss Plaintiff's Complaint for insufficient service of process pursuant to Ala. R. Civ. P. 12(b)(5). In support of this motion, SPS states as follows:

1.     The Alabama Rules of Civil Procedure provide that a corporation may be served as follows:

> Upon a domestic or foreign corporation or upon a partnership, limited partnership, limited liability partnership, limited liability company, or unincorporated organization or association, by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process.

ALA. R. CIV. P. 4(c)(6 ). "Personal or certified mail service *must be directed to the registered or appointed agent or to a specific person*, such as an 'officer.'"  ALA. R. CIV. P. 4(c)(6) cmt. subdivision (c) (2004) (emphasis added). *See Aaron v. Aaron*, 571 So. 2d 1150 (Ala. Civ. App. 1990) (Strict compliance regarding service of process is required).

2.     Plaintiff here did not direct service of process to a specific person or to the registered or appointed agent as required by Rule 4(c)(6), but rather mailed the summons and complaint to SPS' lawyer in Birmingham, Alabama. SPS has not waived service pursuant to express requirements of Rule 4(h).

3.    "When the service of process on the defendant is contested as being improper or invalid, the burden of proof is on the plaintiff to prove that service of process was performed correctly and legally." *Ex parte Volkswagenwerk Aktiengesellschaft*, 443 So. 2d 880, 884 (Ala. 1983).    Consequently, Plaintiff cannot demonstrate that she properly served SPS as required under ALA. R. CIV. P. 4(c)(6) and her Complaint should be dismissed due to improper service.

Respectfully submitted,

/s John David Collins
Thomas W. Thagard III
John David Collins
Attorneys for Select Portfolio Servicing, Inc.

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
(205) 254-1000

- 2 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed person by placing a copy of the same in the United States mail, postage prepaid and properly addressed, and via facsimile this the 22nd day of January, 2008:

Ms. Rose C. Riley
901 Brookland Curve
Montgomery, Alabama 36117

John W. Scott
Kimberly W. Geisler
SCOTT DUKES & GEISLER, P.C.
Birmingham, Alabama 35203
(205) 251-3000

/s John David Collins
Of Counsel

- 3 -

# Exhibit A



The Alabama Trial Court System at your desk

Company Name: SCOTT DUKES & GEISLER, P.C.          User ID: GA5          Last login Date: 2/19/2008 T

**∴Main Menu**

**Search**
- ■ Party Search
- ■ Case Lookup
- ■ Attorney Search
- ■ Warrant Search
- ■ Witness Search
- ■ DocketSearch
- ■ HotSheet™

**Tracking**
- ■ Attorney Tracker
- ■ Case Monitor
- ■ Name Tracker
- ■ Reminders

**Desktop**
- ■ My Alacourt
- ■ My Attorney

**Administration**
- ■ Update User Info

| View Case Summary | Monitor Case | Print Case Action Su |
|---|---|---|

County:  **03 - MONTGOMERY**          Case Number:  03-CV-2007-001937.00
Name:  **ROSE C RILEY VS NATIONSCREDIT FINANCIAL SERVICES CORP ET AL**
Charge:  **BAD FAITH/FRAUD/M ISR**

## Case

### Case Information

| | | |
|---|---|---|
| County: | **03 - MONTGOMERY** | Code: **TBFM** |
| Case Number: | **CV-2007-001937.00** | Type: **BAD FAITH** |
| JID: | **CNP-CHARLES PRICE** | Track: |
| Trial: | **J** | Status: **A-ACTIVE** |
| Style: | **ROSE C RILEY VS NATIONSCREDIT** | Plaintiffs: **001** |
| | **FINANCIAL SERVICES CORP ET AL** | Defendants: **002** |
| Filed: | **12/11/2007** | |

### Court Action

| | |
|---|---|
| DJID: | Amount: **$0.0** |
| Court Action: | Compensatory: |
| Judgment For: | Punitive: |
| Trial days: **0** | General: |
| | None: |

### Other Actions

| | | |
|---|---|---|
| Cont Date: | Cont #: **00000000** | why: |
| RevJmt: | Admin Date: | Why: |
| Appeal Date: | Court: | Case: **0** |
| Mistrial: **00000000** | | TBNV2: |
| DSDT: | | DTYP: |

### Comments

Comment 1:
Comment 2:

## Settings

## Parties

## Consolidated Case Action Summary

### Consolidated Case Action Summary  03CV200700193

| Date | Time | Code | Comments |
|---|---|---|---|
| 12/12/2007 | 16:17:00 | FILE | FILED THIS DATE: 12/11/2007 (AV01) |
| 12/12/2007 | 16:17:01 | SCAN | CASE SCANNED STATUS SET TO: N (AV01) |
| 12/12/2007 | 16:17:02 | TDMJ | JURY TRIAL REQUESTED (AV01) |
| 12/12/2007 | 16:17:03 | ASSJ | ASSIGNED TO JUDGE: CHARLES PRICE (AV01) |
| 12/12/2007 | 16:17:04 | STAT | CASE ASSIGNED STATUS OF: ACTIVE (AV01) |

| 12/12/2007 16:17:05 | ORIG | ORIGIN: INITIAL FILING (AV01) |
| 12/12/2007 16:28:26 | PART | RILEY ROSE C ADDED AS C001 ( AV02) |
| 12/12/2007 16:28:27 | ATTY | LISTED AS ATTORNEY FOR C001: PRO SE (AV02) |
| 12/12/2007 16:31:03 | PART | NATIONSCREDIT FINANCIAL SERVICES CORPORAT ION OF AL |
| 12/12/2007 16:31:04 | ATTY | LISTED AS ATTORNEY FOR D001: PRO SE (AV02) |
| 12/12/2007 16:31:05 | SUMM | SHERIFF ISSUED: 12/12/2007 TO D001 (AV02) |
| 12/12/2007 16:33:25 | PART | FAIRBANKS CAPITAL CORPORAT ION C/O JOHN D COLLINS |
| 12/12/2007 16:33:26 | SUMM | SHERIFF ISSUED: 12/12/2007 TO D002 (AV02) |
| 12/12/2007 16:33:27 | ATTY | LISTED AS ATTORNEY FOR D002: PRO SE (AV02) |
| 01/08/2008 12:58:14 | SERC | SERVICE OF AUTHORIZED ON 12/20/2007 FOR D002(AV02) |
| ✱ 01/08/2008 12:59:17 | ESERC | SERVICE RETURN - TRANSMITTAL |
| ✱ 01/17/2008 08:58:42 | EMOT | D001-MOTN TO DIS. PURS. TO RULE 12(B) FILED. |
| ✱ 01/17/2008 08:59:03 | EMOT | MOTION - TRANSMITTAL |
| 01/17/2008 09:19:50 | EMOT | D001-MOTN TO DIS. PURS. TO RULE 12(B) /DOCKETED |
| ✱ 01/17/2008 09:31:41 | EDISC | NOTICE OF DISCOVERY E-FILED. |
| ✱ 01/17/2008 09:31:50 | EDISC | DISCOVERY - TRANSMITTAL |
| 01/17/2008 09:40:06 | ATTY | LISTED AS ATTORNEY FOR D001: SCOTT JOHN W (AV02) |
| ✱ 01/22/2008 15:18:35 | EMOT | D002-MOTN TO DIS. PURS. TO RULE 12(B) FILED. |
| ✱ 01/22/2008 15:28:03 | EMOT | MOTION - TRANSMITTAL |
| 01/22/2008 15:37:41 | EMOT | D002-MOTN TO DIS. PURS. TO RULE 12(B) /DOCKETED |
| 01/22/2008 17:09:17 | ATTY | LISTED AS ATTORNEY FOR D002: COLLINS JOHN DAVID |
| 01/28/2008 15:26:49 | JEMOT | D002-MOTN TO DIS. PURS. TO RULE 12(B) /SET FOR 02/25/2008 8:30:00 AM, LOCAT |
| 01/28/2008 15:27:33 | JEMOT | D001-MOTN TO DIS. PURS. TO RULE 12(B) /SET FOR 02/25/2008 8:30:00 AM, LOCAT |
| ✱ 01/28/2008 15:39:30 | JEMOT | SET FOR HEARING - TRANSMITTAL |
| ✱ 01/28/2008 17:00:08 | JEMOT | SET FOR HEARING - TRANSMITTAL |
| 01/29/2008 10:15:26 | DAT2 | SET FOR: MOTION DISMISS ON 02/25/2008 AT 0830A |
| 02/07/2008 13:09:22 | ANSW | ANSWER OF OTHER ON 02/07/2008 FOR D001 (AV02) |
| 02/07/2008 13:10:14 | TEXT | ... CYNTHIA WILLIAMS IS NOT AGENT FOR D001 |
| 02/14/2008 10:33:38 | TEXT | PLTFS RESP TO NATIONSCREDIT FINANCIAL SERVICES |
| 02/14/2008 10:33:57 | TEXT | ... CORP ("NATIONSCREDIT") FIRST INTERROGS AND |
| 02/14/2008 10:34:06 | TEXT | ... REQS FOR PROD OF DO CS TO PLTF |
| ✱ 02/14/2008 11:11:08 | ESERC | SERVICE RETURN - TRANSMITTAL |
| 02/14/2008 11:12:35 | SERC | SERVICE OF AUTHORIZED ON 01/31/2008 FOR D001(AV02) |
| 04/14/2008 10:34:54 | TEXT | PLTFS FIRST SET OF INTERROGS AND REQ FOR PROD TO |
| 04/14/2008 10:35:08 | TEXT | ... TO DEFTS NATIONS CREDIT FINANCIAL SERVICES |
| 04/14/2008 10:35:16 | TEXT | ... CORP AND FAIRBANKS CAPIT AL CORP |

**Images**    03-CV-2007-001937.00

| Key | Date | Pages | Document Type | Name |
|-----|------|-------|---------------|------|
| 03-CV-2007-001937.00 | 12/14/2007 | 10 | CV CASE | NATIONS CREDIT FINANCIAL SERVICES CORP O |
| 03-CV-2007-001937.00 | 12/20/2007 | 1 | CV CASE | NATIONSCREDIT FIN |
| 03-CV-2007-001937.00 | 1/8/2008 | 1 | E-FILE | |
| 03-CV-2007-001937.00 | 1/17/2008 | 1 | E-FILE | |
| 03-CV-2007-001937.00 | 1/17/2008 | 3 | E-FILE | |
| 03-CV-2007-001937.00 | 1/17/2008 | 11 | E-FILE | |
| 03-CV-2007-001937.00 | 1/17/2008 | 11 | E-FILE | |
| 03-CV-2007-001937.00 | 1/17/2008 | 4 | E-FILE | |
| 03-CV-2007-001937.00 | 1/17/2008 | 2 | E-FILE | |
| 03-CV-2007-001937.00 | 1/17/2008 | 4 | E-FILE | |
| 03-CV-2007-001937.00 | 1/22/2008 | 1 | E-FILE | |
| 03-CV-2007-001937.00 | 1/22/2008 | 3 | E-FILE | |
| 03-CV-2007-001937.00 | 1/22/2008 | 4 | E-FILE | |
| 03-CV-2007-001937.00 | 1/28/2008 | 3 | E-FILE | |
| 03-CV-2007-001937.00 | 1/28/2008 | 3 | E-FILE | |
| 03-CV-2007-001937.00 | 1/29/2008 | 1 | CV CASE | NATIONSCREDIT FINANCIAL SERVICES CORP,ET |
| 03-CV-2007-001937.00 | 2/7/2008 | 1 | CV CASE | NATIONSCREDIT FINANCIAL |
| 03-CV-2007-001937.00 | 2/14/2008 | 6 | CV CASE | NATIONSCREDIT FINANCIAL SERVICES |

03-CV-2007-001937.00

| 03-CV-2007-001937.00 | 2/14/2008 | 1 | E-FILE | |

**Witness List**

**Financial**

**Motions**

CV-2007-1937

| State of Alabama Unified Judicial System | **COVER SHEET CIRCUIT COURT – CIVIL CASE** (Not For Domestic Relations Cases) | Case Number |
|---|---|---|
| Form ARCiv-93    Rev.5/99 | | C V ☐ ☐ ☐ ☐ ☐ ☐ ☐ - ☐ - |
| | | Date of Filing:    Judge Code: |
| | | Month    Day    Year |

**IN THE CIRCUIT COURT OF** _____ Montgomery _____, **ALABAMA**

ROSE C. RILEY
First Plaintiff
(Name of County)
v. NATIONSCREDIT FINANCIAL SERVICES
CORP. OF ALA. Defendant FAIRBANKS CAPITAL
First Defendant
CORP.

First Plaintiff:
☐ Business  ☒ Individual
☐ Government  ☐ Other

First Defendant:
☒ Business  ☐ Individual
☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☒ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN** (check one):    F ☒ INITIAL FILING    A ☐ APPEAL FROM    O ☐ OTHER: _____
DISTRICT COURT
R ☐ REMANDED    T ☐ TRANSFERRED FROM
OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**    ☒ YES  ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P., for procedure)

**RELIEF REQUESTED:**    ☒ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
☐☐☐☐☐☐☐☐

12/11/07
Date

Rose C. Riley, PRO SE
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**    ☐ YES  ☒ NO  ☐ UNDECIDED

## SUMMONS

### IN THE CIRCUIT COURT OF
### MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| ROSE C. RILEY,  PRO SE<br>    Plaintiff, | )<br>)<br>) |
| v. | )<br>)    CASE NO.  CV-2007-___1937 |
| NATIONSCREDIT FINANACIAL<br>SERVICES CORPORATION;<br>FAIRBANKS CAPITAL<br>CORPORATION;<br>and Fictitious Defendants A, whether<br>B and C, singular or plural, those<br>other persons, corporations, firms or<br>other entities whose wrongful<br>conduct caused the injuries and<br>damages to the Plaintiff, all of whose<br>true and correct names are unknown<br>to the Plaintiff at this time but will be<br>substituted by amendment when<br>ascertained,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### SUMMONS

To any sheriff or any person authorized by either Rule 4.1(b)(2) or 4.2(b)(2) or 4.4 (b)(2) <S> of the Alabama Rules of Civil Procedure to effect service.

You are hereby commanded to serve this summons and a copy of the complaint in this action upon defendant Nationscredit Financial Services Corporationj of Alabama, Registered Agent: Cynthia W. Williams, Attorney at Law for Nationscredit Financial Services Corporation of Alabama, 2311 Highland Avenue South; Birmingham, Alabama, 35203-.

### NOTICE TO DEFENDANT

The complaint which is attached to this summons is important and you must take immediate action to protect your rights.  You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the complaint, to Rose C. Riley, Pro Se; 901 Brookland Curve; Montgomery, Alabama 36117.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer either admitting or denying each allegation with the Clerk of this Court.

*Melissa Pittenger*

12/12/07

## SUMMONS

### IN THE CIRCUIT COURT OF
### MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| ROSE C. RILEY,   PRO SE | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  CV-2007- _1937_ |
| | ) | |
| NATIONSCREDIT FINANACIAL | ) | |
| SERVICES CORPORATION; | ) | |
| FAIRBANKS CAPITAL | ) | |
| CORPORATION; | ) | |
| and Fictitious Defendants A, whether | ) | |
| B and C, singular or plural, those | ) | |
| other persons, corporations, firms or | ) | |
| other entities whose wrongful | ) | |
| conduct caused the injuries and | ) | |
| damages to the Plaintiff, all of whose | ) | |
| true and correct names are unknown | ) | |
| to the Plaintiff at this time but will be | ) | |
| substituted by amendment when | ) | |
| ascertained, | ) | |
| Defendants. | ) | |

### SUMMONS

To any sheriff or any person authorized by either Rule 4.1(b)(2) or 4.2(b)(2) or 4.4 (b)(2)
<S> of the Alabama Rules of Civil Procedure to effect service.

You are hereby commanded to serve this summons and a copy of the complaint in this
action upon defendant Fairbanks Capital  Corporation

Registered Agent: John David Collins,  Attorney at Law for Fairbanks Capital
Corporation , 2400 AmSouth/ Harbert Plaza; 1901 Sixth Avenue North; Birmingham,
Alabama, 35205-2618.

### NOTICE TO DEFENDANT

The complaint which is attached to this summons is important and you must take
immediate action to protect your rights.  You are required to mail or hand deliver a copy
of a written Answer, either admitting or denying each allegation in the complaint, to
Rose C. Riley, Pro Se; 901 Brookland Curve; Montgomery, Alabama 36117.
THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS
AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A
JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE
MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also
file the original of your Answer either admitting or denying each allegation with the
Clerk of this Court.

_Melissa Pittman_

_12/12/07_

# IN THE CIRCUIT COURT OF
# MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| ROSE C. RILEY,  PRO SE | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CASE NO.  CV-2007-_1937_** |
| | ) | |
| NATIONSCREDIT FINANACIAL | ) | |
| SERVICES CORPORATION; | ) | |
| FAIRBANKS CAPITAL | ) | |
| CORPORATION; | ) | |
| and Fictitious Defendants A, whether | ) | |
| B and C, singular or plural, those | ) | |
| other persons, corporations, firms or | ) | |
| other entities whose wrongful | ) | |
| conduct caused the injuries and | ) | |
| damages to the Plaintiff, all of whose | ) | |
| true and correct names are unknown | ) | |
| to the Plaintiff at this time but will be | ) | |
| substituted by amendment when | ) | |
| ascertained, | ) | |
| Defendants. | ) | |

## COMPLAINT

### Statement of the Parties

1.  **COMES NOW,** the Plaintiff, Rose C. Riley, Pro Se, in the above-captioned case and avers to the Honorable Court of Jurisdiction that she is over the age of 21 years old and resides in the city of  Montgomery, Alabama; Montgomery County, Alabama.

2. Defendant, Nationscredit Financial Services Corporation of Alabama (hereinafter referred to as "Nationscredit"), is a domestic North Carolina Corporation, and at all times material to the complaint was doing business by agent in Montgomery County, Alabama.

3. Defendant, Fairbanks Capital Corporation (hereinafter referred to as "Fairbanks"), is a Utah corporation with its principal place of business at 3815 Southwest Temple Street; Salt Lake City, Utah 84115.

4. Fictitious Defendants A, B, and C, whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the Plaintiff, all of whose true and correct names re unknown to the Plaintiff at this time but will be substituted by amendment when ascertained.

### Statement of the Facts

5. That Rose C. Riley, an unmarried women, executed a note and mortgage to Nations Credit on or about the 20th day of October, 1999, on the following Property located in Montgomery County, Alabama, via:

> Lot 11, Block E, according to the Map of Dexter Ridge,
> Plot No. 5, as said Map appears of record in the Office
> Of the Judge of Probate of Montgomery County, Alabama,
> In Plat Book 43, at Page 158.

6. That Nationscredit's conduct in dealing with the Plaintiff was consistent with a pattern and practice of fraudulent conduct committed toward others similarly situated.

7. As a result, the Plaintiff filed a lawsuit; **ROSE RILEY v. NATIONSCREDIT FINANCIAL SERVICES CORPORATION OF ALABAMA CASE NO. CV-2000-2931GR** because of the Defendants intentional, gross, wanton, malicious, oppressive & negligent conduct.

8. The Mediation and Settlement Agreement that occurred between The Plaintiff and Nationscredit was never completely corrected to the satisfaction of the Plaintiff. According to the Settlement, payments were to be made to Nationscredit's P.O.Box and that payment corrections would follow which never occurred.

9. A false and misleading representation about the transfer of Plaintiff's account from Nationscredit to Fairbanks. The Plaintiff relied on the Defendants to provide correct information and financial disclosures as required under the Federal Truth in Lending Act.

10. That Fairbanks deliberately mismanaged the Plaintiff's mortgage payments by their own admission to the Attorney General's Office dated August 6, 2003. Fairbanks submitted false credit reporting and incorrect information on Plaintiff's account to all major Credit Bureaus.

11. That Nationscredit and Fairbanks have both violated the Real Estate Practices Settlement Act (RESPA); Section 6, on numerous occasions. That the Defendants have violated applicable state laws and regulations. In addition, the Defendants have violated other applicable Federal and Alabama State laws that will be disclosed during the trial.

12. That Nationscredit scheduled a foreclosure sale on the unresolved disputed property for December 11,2007. That the Defendants have conspired to cause or assist in causing default on the property in retaliation and both have a reputation and a well-documented pattern of predatory lending practices.

## COUNT ONE
### Breach of Contract

13. Plaintiff adopt and incorporate all previous allegations in full.

14. Nationscredit breached a Mediation and Settlement Agreement by not completing all the terms and agreements of the contract with Plaintiff.

15. Fairbanks misapplied or failed to apply payments, and imposed late fees and other charges not due, all in breach of contract with Plaintiff.

16. Fairbanks did breach their contractual obligations by falsely reporting information to the major Credit Bureaus.

17. As a proximate result, Plaintiff was injured and damaged as follows: that Plaintiff was caused to impair her credit standing; that Plaintiff loss refinancing and home equity loans; that lost monies and other hardships caused the Plaintiff to ultimately file bankruptcy; and as a result Plaintiff suffered mental anguish, physical distress, loss of employment due to stress; and other, further and different injuries and damages.

WHEREFORE, Plaintiff demands judgment against all Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, plus cost.

## COUNT TWO
### Fraud and Suppression

18. Plaintiff adopt and incorporate all previous allegations in full.

19 Fairbanks and Nationscredit misrepresented to Plaintiff who was entitled to collect various charges and the servicing of her mortgage loan by not disclosing corrected and updated information in a timely manner.

20. Fairbanks and Nationscredit also suppressed and concealed those material facts previously describe herein, including the material fact that Plaintiff's mortgage payments were, in truth, designed to be misapplied. The fact that Nationscredit transferred the Plaintiff's account to Fairbanks never materialized according to the Nationscredit P. O. Box payment address given Plaintiff and current foreclosure Notice dated December 11, 2007.

21. These facts either suppressed by, or misrepresented by Nationscredit and Fairbanks were material and Plaintiff relied to her detriment as a result thereof.

WHEREFORE, Plaintiff demands judgment against all Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## COUNT THREE
### Negligence

22. Plaintiff adopt and incorporate all previous allegations in full.

23. Fairbanks and Nationscredit breached that duty of care and diligence owed to Plaintiff by engaging in those practices and actions described in this Complaint.

WHEREFORE, Plaintiff demands judgment against all Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.


## COUNT FOUR
### Unjust Enrichment

24. Plaintiff adopt and incorporate all previous allegations in full

25. As a result of the fraudulent and improper conduct described herein, Fairbanks and Nationscredit has both been unjustly enriched at the expense of the unknowing Plaintiff. Under these circumstances, and pursuant to the equitable principles recognized by Alabama law, both Defendants should not be allowed to obtain its ill-gotten gain, which was obtained through their fraudulent and improper conduct.

WHEREFORE, Plaintiff demands judgment against all Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, plus cost.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that this Honorable Court provide the following: injunctive relief actual and general damages according to proof; statutory damages and penalties; punitive damages according to proof; reasonable court and attorney's fees; and all such other and further relief as the Court deems just. That all attempts to perfect the illegal foreclosure sale of the property or ejection of the Plaintiff be null, void, stayed, halted or terminated pending this compliant

## PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

DATED THIS <u>December, 11, 2007</u>
RESPECTFULLY SUBMITTED


BY: _____

Rose C. Riley, Pro. Se.


Rose C. Riley
901 Brookland Curve
Montgomery, Alabama 36117
(334) 273-9119

## CERTIFICATE OF SERVICE

**I do by hereby certify that I have served a copy of the foregoing complaint and
Summons on the following Defendants:**

Cynthia W. Williams, Attorney at Law with
Sirote and Permutt, P.C. for:
Nationscredit Financial Services Corporation
2311 Highland Avenue South
Birmingham, Alabama 35205
Telephone: (205) 930-5191
Facsimile: (205) 930-5399

John David Collins, Attorney at Law with
Maynard, Cooper & Gale, P.C. for:
Fairbanks Capital Corporation
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Telephone: 205-254-1000
Facsimile: 205-254-1999

ALABAMA JUDICIAL DATA CENTER
COURT PAYMENT SYSTEM

MONTGOMERY COUNTY                        RECEIPT NUMBER: 131220
DATE OF RECEIPT: 12/12/2007  TIME: 16:37:46
RECEIPT FOR CASE: CV 2007 001937 00      BATCH: 2008051
RECEIVED FROM: RILEY ROSE C


ROSE C RILEY VS NATIONSCREDIT FINANCIAL SERVICES CORP ET AL

ACCOUNTS RECEIPTED:
    JDMD                                $1.00
    SERA                               $10.00

RECEIVED BY: LAW        CASH AMOUNT        $11.00

```
              ALABAMA JUDICIAL DATA CENTER
                   COURT PAYMENT SYSTEM
    MONTGOMERY COUNTY                    RECEIPT NUMBER: 131219
  DATE OF RECEIPT: 12/12/2007  TIME: 16:37:20
  RECEIPT FOR CASE: CV 2007 001937 00         BATCH: 2008051
     RECEIVED FROM: RILEY ROSE C


  ROSE C RILEY VS NATIONSCREDIT FINANCIAL SERVICES CORP ET AL

     ACCOUNTS RECEIPTED:
          CV05                          $301.00
          JDMD                           $99.00

  RECEIVED BY: LAW        CHECK AMOUNT      $400.00
```

*CNP*

EXECUTED BY SERVING

AVSO350

ALABAMA JUDICIAL DATA CENTER
MONTGOMERY     COUNTY

SUMMONS

CV 2007 001937.00

IN THE CIRCUIT COURT OF MONTGOMERY     *Anne Edward*

ROSE C RILEY VS NATIONSCREDIT FINANCIAL SERVICES CORP ET AL

SERVE ON: (D002)

SSN: 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

*20  December 07*

PLAINTIFF'S ATTORNEY

FAIRBANKS CAPITAL CORPORATION          *** PRO *Se/Cross*
2400 AMSOUTH/HARBERT PLAZ      *c/o John D. Collins, Atty*
1901 SIXTH AVE NORTH
BIRMINGHAM     ,AL  35205-2618

TO THE ABOVE NAMED DEFENDANT:

 THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS, YOU OR YOUR ATTORNEY ARE
REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER
ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS
ATTORNEY(S) SHOWN ABOVE OR ATTACHED:

 THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS
AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE
ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

 (✓)   TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR
       4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE:
       YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE
       COMPLAINT IN THIS ACTION UPON DEFENDANT.

 ( )   THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE
       WRITTEN REQUEST OF _____ PURSUANT TO RULE 4.1(C)
       OF THE ALABAMA RULES OF CIVIL PROCEDURE.  *Melissa Rittenour*

 DATE: 12/12/2007                    CLERK:MELISSA RITTENOUR
                                     P O BOX 1667
                                     MONTGOMERY  AL  36102-1667
                                     (334)832-1266

   RETURN ON SERVICE:

 ( )   CERTIFIED MAIL RETURN RECEIPT IN THIS OFFICE ON (DATE) _____
       (RETURN RECEIPT HERETO ATTACHED)

 ( )   I CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE SUMMONS AND

       COMPLAINT TO _____

       IN _____ COUNTY, ALABAMA ON (DATE) _____

 _____          _____
 DATE                                  SERVER SIGNATURE

 _____          _____
 SERVER ADDRESS                        TYPE OF PROCESS SERVER

OPERATOR: LAW
PREPARED: 12/12/2007

RCVD DEC 19 '07 AM 11:46



**AlaFile E-Notice**

03-CV-2007-001937.00

Judge: CHARLES PRICE

To:  RILEY ROSE C          (PRO SE)
     901 BROOKLAND CURVE
     MONTGOMERY, AL 36117

---

# NOTICE OF SERVICE

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### ROSE C RILEY VS NATIONSCREDIT FINANCIAL SERVICES CORP ET AL
### 03-CV-2007-001937.00

The following matter was served on 12/20/2007

### D002 FAIRBANKS CAPITAL CORPORATIO
### AUTHORIZED SERVICE

MELISSA RITTENOUR
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

| **STATE OF ALABAMA**<br>Unified Judicial System<br><br>03-MONTGOMERY | Revised 2/14/05<br><br>☐ District Court ☑ Circuit Court | Case N<br><br>CV2007 |
|---|---|---|

ELECTRONICALLY FILED
1/17/2008 8:58 AM
CV-2007-001937.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

| ROSE C RILEY VS NATIONSCREDIT FINANCIAL SERVICES CORP ET AL | **CIVIL MOTION COVER SHEET**<br>Name of Filing Party: D001 - NATIONSCREDIT FINANCIAL SERV |
|---|---|

| Name, Address, and Telephone No. of Attorney or Party. If Not Represented.<br><br>JOHN SCOTT<br>2100 THIRD AVENUE NORTH<br>BIRMINGHAM, AL 35203<br><br>Attorney Bar No.: SCO028 | ☑ Oral Arguments Requested |
|---|---|

## TYPE OF MOTION

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| | ☐ Continue |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Extension of Time |
| | ☐ In Limine |
| | ☐ Joinder |
| ☐ Other _____ | ☐ More Definite Statement |
| pursuant to Rule _____ ($50.00) | ☑ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| ☐ Local Court Costs $ _____ | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship ☐ | Date:<br><br>1/17/2008 8:55:12 AM | Signature of Attorney or Party:<br><br>/s JOHN SCOTT |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.



**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

| | |
|---|---|
| ROSE C. RILEY, PRO SE )<br>)<br>    Plaintiff,    )<br>)<br>v.    )<br>)<br>NATIONSCREDIT FINANCIAL )<br>SERVICES CORPORATION; )<br>FAIRBANKS CAPITAL )<br>CORPORATION; and Fictitious )<br>Defendants A, whether B and C, singular )<br>or plural, those other persons, )<br>corporations, firms or other entities )<br>whose wrongful conduct caused the )<br>injuries and damages to the Plaintiff, all )<br>of whose true and correct names are )<br>unknown to the Plaintiff at this time but )<br>will be substituted by amendment when )<br>ascertained, )<br>)<br>    Defendants.    )<br>) | CIVIL ACTION NO.<br>CV-2007-001937<br><br>SET FOR HEARING ON<br>APRIL 7, 2008 at 8:30 a.m. |

## MOTION TO DISMISS

COMES NOW NationsCredit Financial Services Corporation ("NationsCredit"), pursuant to Rules 12(b)(5) and 12(b)(6) of the Alabama Rules of Civil Procedure, and moves this Court to dismiss Plaintiff Rose Riley's claims against NationsCredit with prejudice. In support of this Motion, NationsCredit relies upon the Memorandum of Law filed herewith.

Respectfully submitted,


/s/ John W. Scott
John W. Scott
Kimberly W. Geisler
Attorneys for Defendant
NationsCredit Financial
Services Corporation

**OF COUNSEL:**
SCOTT DUKES & GEISLER, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
Telephone: (205) 251-2300
Telecopier: (205) 251-6773

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing by U.S. Mail, addressed as follows:

Ms. Rose C. Riley
901 Brookland Curve
Montgomery, Alabama 36117

John David Collins, Esq.
Maynard Cooper & Gale, P.C.
AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

DONE this the 17th day of January, 2008

/s/ John W. Scott
Of Counsel

42696.1

3



ELECTRONICALLY FILED
1/17/2008 8:58 AM
CV-2007-001937.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| **ROSE C. RILEY, PRO SE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **CV-2007-001937** |
| **NATIONSCREDIT FINANCIAL** | ) | |
| **SERVICES CORPORATION;** | ) | **SET FOR HEARING ON** |
| **FAIRBANKS CAPITAL** | ) | **APRIL 7, 2008 at 8:30 a.m.** |
| **CORPORATION; and Fictitious** | ) | |
| **Defendants A, whether B and C,** | ) | |
| **singular or plural, those other** | ) | |
| **persons, corporations, firms or** | ) | |
| **other entities whose wrongful** | ) | |
| **conduct caused the injuries and** | ) | |
| **damages to the Plaintiff, all of** | ) | |
| **whose true and correct names are** | ) | |
| **unknown to the Plaintiff at this** | ) | |
| **time but will be substituted by** | ) | |
| **amendment when ascertained,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF NATIONSCREDIT FINANCIAL SERVICES CORPORATION'S MOTION TO DISMISS

COMES NOW Defendant NationsCredit Financial Services Corporation ("NationsCredit"), as successor in interest to NationsCredit Financial Services Corporation of Alabama, and submits this Memorandum of Law in Support of NationsCredit's Motion to Dismiss filed herewith.

## STATEMENT OF FACTS

In October 1999, Plaintiff Rose Riley ("Plaintiff") entered into a loan transaction with NationsCredit to refinance her home mortgage loan. Plaintiff executed a promissory note which was secured by property located in Montgomery County, Alabama. Compl. ¶ 5. In 2000, this loan transaction became the subject of a lawsuit filed by Plaintiff in Montgomery County Circuit Court against NationsCredit (the "2000 Lawsuit"). Compl. ¶ 7.

In May 2002, Plaintiff settled the 2000 Lawsuit and executed a Settlement Agreement and Release. A true and correct copy of the Settlement Agreement and Release is attached hereto.[1] In the instant case, Plaintiff claims that NationsCredit "never" made the "payment corrections" required by the Settlement Agreement. Compl. ¶ 8. Plaintiff further contends that NationsCredit made an unspecified "false and misleading representation" about the transfer of Plaintiff's account to Defendant Fairbanks Capital Corporation ("Fairbanks"). Compl. ¶ 8. According to Plaintiff, Fairbanks assumed responsibility for her account sometime prior to August 2003.

---

[1] If a plaintiff fails to introduce a document that is referred to in, and is central to, his complaint, the defendant may introduce the exhibit as part of his motion attacking the pleading, and the motion will not be converted to a summary judgment motion. *See Donoghue v. American Nat'l Ins. Co.*, 838 So. 2d 1032, 1035 (Ala. 2002) (quoting *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997) (concluding that if a document is referred to in the complaint and is central to the plaintiff's claim, the defendant may submit an authentic copy in connection with a motion to dismiss)).

Compl. ¶ 9.

Plaintiff filed the instant Complaint on December 11, 2007. Plaintiff requested service by certified mail and identified a lawyer at Sirote & Permutt, P.C., in Birmingham, Alabama, to receive service for NationsCredit.

## PLAINTIFF'S CLAIMS

In her Complaint, Plaintiff asserts four claims against NationsCredit. In Count One, Plaintiff vaguely alleges that NationsCredit breached unidentified "terms and agreements" in the Settlement Agreement and Release. In Count Two, Plaintiff asserts claims of fraud and suppression. Count Three is a claim of negligence and Count Four is a claim of unjust enrichment.

## ARGUMENT

**A.    Plaintiff's Complaint is due to be dismissed for insufficiency of service of process.**

Due process under the United States Constitution requires "more than mere notice to the defendant." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Due process requires "a basis for the defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the defendant." *Omni Capital*, 484 U.S. at 104. In other words, a named defendant "is not obliged to engage in litigation unless notified of the action,

3

*and* brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (emphasis added).

Service of process upon a corporate defendant is governed by ALA. R. CIV. P. 4(c)(6), which states that service shall be made "by serving an officer, a partner (other than a limited liability partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." ALA. R. CIV. P. 4(c)(6). In this case, Plaintiff failed to serve an officer, partner, or managing or general agent of NationsCredit. Nor is the individual served by Plaintiff authorized by appointment or by law to receive service of process for NationsCredit.

"When the service of process on the defendant is contested as being improper or invalid, the burden of proof is on the plaintiff to prove that service of process was performed correctly and legally." *Ex parte Volkswagenwerk Aktiengesellschaft,* 443 So. 2d 880, 884 (Ala. 1983). Plaintiff cannot demonstrate that NationsCredit was properly served in accordance with the Rules. Accordingly, pursuant to Rule 12(b)(5) of the Alabama Rules of Civil Procedure, Plaintiff's Complaint is due to be dismissed.

**B.    Plaintiff's Complaint fails to state a claim upon which relief may be granted.**

   1.   *Plaintiff's breach of contract claim fails to meet the Rule 8 requirements for notice pleading.*

4

On May 21, 2007, the United States Supreme Court examined the standards for notice pleading under Rule 8 and 12(b)(6) of the Federal Rules of Civil Procedure and clarified the requirements that a complaint must satisfy to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In so doing, the Supreme Court expressly disapproved and retired *Conley v. Gibson* and the standard stated therein for surviving a Rule 12(b)(6) motion to dismiss. *Twombly*, 127 S. Ct. at 1968. The *Twombly* decision affirmed that the proper interpretation of Rules 8 and 12(b)(6) is that: (1) notice pleading requires allegations of fact which establish a plausible, not just possible, basis of recovery, (2) minimum standards of pleading are not satisfied with conclusory, formulaic recitations of the legal elements of a cause of action, and (3) the mere possibility of finding some shred of evidence to support a claim through discovery is not a substitute for proper pleading at the outset. *Id.* at 1964-67.

While the Alabama Supreme Court has not yet specifically addressed the applicability of *Twombly* in the courts of this State, because Alabama generally looks to the Federal Rules of Civil Procedure for guidance in applying the Alabama rules, the standards recently enunciated in *Twombly* should also guide Alabama courts in applying the Alabama Rules of Civil Procedure. The Alabama Supreme Court has

acknowledged that the Alabama Rules of Civil Procedure are based on the Federal Rules and that federal court decisions are "highly persuasive" in the interpretation of the Alabama Rules. *Ex parte Full Circle Distrib., L.L.C.*, 883 So. 2d 638, 642 (Ala. 2003) ("Because the Federal Rules of Civil Procedure were used as a model for Alabama's procedural rules, these federal decisions are highly persuasive when we are called upon to construe the Alabama Rules.") (internal citations omitted) Indeed, as to Rules 8 and 12(b)(6), the Alabama Supreme Court has adopted *Conley v. Gibson*, 78 S.Ct. 99 (1957), as the "classic statement of the proper test of the sufficiency of a complaint." *Dempsey v. Denman*, 442 So. 2d 63, 64 (Ala. 1983). For decades, the Alabama Supreme Court has routinely cited and relied upon *Conley* for the proposition that Rule 12(b)(6) dismissal is only warranted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (citing prior cases relying upon *Conley*). This reliance is no longer appropriate.

In this case, however, under either possible applicable standard for a motion to dismiss– the old *Conley v. Gibson* standard or the recently articulated *Bell Atlantic Corp. v. Twombly* standard– Plaintiff has abjectly failed to plead any predicate facts that would support a claim of breach of contract against NationsCredit. The entirety of Plaintiff's allegations in support of her claim against NationsCredit are:

6

"Nationscredit breached a Mediation and Settlement Agreement by not completing all the terms and agreements of the contract with Plaintiff." Compl. ¶ 14. "[A] claim based upon a breach of contract must specify the terms of the contract alleged to have been breached." *Eason v. Middleton*, 398 So. 2d 245, 249 (Ala. 1981) (distinguishing a tort claim based upon a breach of the "standard of care" from a contract claim which requires *specificity* as to the term allegedly breached). Plaintiff has failed to allege in even the most general of terms which "terms and agreements" of the Settlement Agreement were allegedly breached by NationsCredit. Accordingly, Plaintiff's breach of contract claim does not meet the minimum pleading requirements of Rule 8 and is due to be dismissed.

> 2. *Plaintiff's claims of fraud (Count Two), negligence (Count Three), and unjust enrichment (Count Four) against NationsCredit are barred by the applicable statutes of limitations.*

In her Complaint, Plaintiff alleges that NationsCredit's conduct was the basis of a lawsuit in 2000. Plaintiff alleges that she settled the lawsuit and executed a Settlement and Release Agreement in May 2002. *See* Exhibit 1. Plaintiff claims that "payment corrections," allegedly required by the Settlement Agreement, were "never made." Compl. ¶ 8. She further alleges that NationsCredit made a "false and misleading representation" about the transfer of her account to Fairbanks. Compl. ¶ 9. According to the Complaint, Fairbanks began managing Plaintiff's account some

7

time before August 6, 2003. Compl. ¶ 9. Thus, based on the allegations contained in the Complaint, the actions by NationsCredit's giving rise to Plaintiff's claims occurred no later than August 2003.

Plaintiff's claims of negligence, fraud, and unjust enrichment are subject to a two year statute of limitations. *See* ALA. CODE § 6-2-38 (1975). *See also Watson, Watson, Rutland/Architects, Inc. v. Montgomery Cty. Bd. of Educ.*, 559 So. 2d 168 (Ala. 1990) (negligence claim accrues as soon as the plaintiff is entitled to maintain the action, *i.e.*, at the time of the first legal injury, regardless of whether the full amount of damages is apparent); *Jackson v. Secor Bank*, 646 So. 2d 1377, 1379 (Ala. 1994) (statute of limitations barred fraud claim against bank for placing retirement funds in a taxable account, instead of a tax-deferred IRA; statute of limitations began to run at the time the plaintiff received a Form 1099 from the bank showing that the interest income from the account was being reported to the IRS). Based solely upon the allegations in Plaintiff's Complaint, the statute of limitations for Plaintiff's claims of negligence, fraud and unjust enrichment against NationsCredit began to run in August 2003 and expired in August 2005– more than two years before Plaintiff filed the instant Complaint. Accordingly, pursuant to Rule 12(b)(6), Plaintiff's claims of fraud, negligence and unjust enrichment are due to be dismissed for failure to state a claim upon which relief may be granted.

8

3.    *Even if they were not time barred, Plaintiff's fraud claims are due to be dismissed because Plaintiff failed to plead fraud with particularity in accordance with Rule 9(b) of the Alabama Rules of Civil Procedure.*

To state a claim for fraud, Plaintiff must comply with the requirements of ALA. R. CIV. P. 9(b), which provides that "[i]n all averments of fraud . . . , the circumstances constituting fraud . . . shall be stated with particularity." ALA. R. CIV. P. 9(b). Rule 9(b) "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" *Morrow v. Green Tree Serv., LLC*, 360 F. Supp. 2d 1246, 1250 (M.D. Ala. 2005) (quoting *Durham v. Business Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988)). At a minimum, Plaintiff must set forth the place, the time, the contents of the false misrepresentations, the fact(s) misrepresented, and an identification of what Defendants purportedly obtained. *See Lyde v. United Ins. Co. of America*, 628 So. 2d 665, 670 (Ala. Civ. App. 1993) (citing *Robinson v. Allstate Ins. Co.*, 399 So. 2d 288 (Ala. 1981)).

In this case, even if Plaintiff's claims of fraud were not time barred, Plaintiff's conclusory allegations of fraud do not meet the requirements of Rule 9(b). Plaintiff has failed to allege even the most rudimentary of facts that would sustain a fraud claim under Rule 9(b). Plaintiff does not allege *when* or *where* the fraudulent

9

misrepresentations occurred, *what* the representations were or *who* made the fraudulent misrepresentations. In sum, Plaintiff has failed to plead her fraud claim with the requisite particularity, and for that reason alone, it should be dismissed. ALA. R. CIV. P. 9(b).

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant NationsCredit Financial Services Corporation respectfully requests that this Court dismiss Plaintiff Rose Riley's Complaint and all claims against NationsCredit with prejudice.

Respectfully submitted,

/s/ John W. Scott
John W. Scott
Kimberly W. Geisler
Attorneys for Defendant
NationsCredit Financial
Services Corporation

**OF COUNSEL:**
SCOTT DUKES & GEISLER, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
Telephone: (205) 251-2300
Telecopier: (205) 251-6773

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing by U.S. Mail, addressed as follows:

Ms. Rose C. Riley
901 Brookland Curve
Montgomery, Alabama 36117

John David Collins, Esq.
Maynard Cooper & Gale, P.C.
AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

/s/ John W. Scott
Of Counsel

42650

11



**AlaFile E-Notice**

03-CV-2007-001937.00

Judge: CHARLES PRICE

To:   JOHN SCOTT
      jscott@scottdukeslaw.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### ROSE C RILEY VS NATIONSCREDIT FINANCIAL SERVICES CORP ET AL
### 03-CV-2007-001937.00

The following matter was FILED on 1/17/2008 8:58:45 AM

**D001 NATIONSCREDIT FINANCIAL SERV**
**MOTION TO DISMISS PURSUANT TO RULE 12(B)**

[Attorney: SCOTT JOHN W]

Notice Date:     1/17/2008 8:58:45 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2007-001937.00

Judge: CHARLES PRICE

To: FAIRBANKS CAPITAL CORPORATIO (PRO SE)
2400 AMSOUTH/HARBERT PLAZ
1901 SIXTH AVE NORTH
BIRMINGHAM, AL 35205

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

ROSE C RILEY VS NATIONSCREDIT FINANCIAL SERVICES CORP ET AL
03-CV-2007-001937.00

The following matter was FILED on 1/17/2008 8:58:45 AM

D001 NATIONSCREDIT FINANCIAL SERV
MOTION TO DISMISS PURSUANT TO RULE 12(B)
[Attorney: SCOTT JOHN W]

Notice Date:     1/17/2008 8:58:45 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2007-001937.00

Judge: CHARLES PRICE

To:  NATIONSCREDIT FINANCIAL SERV (PRO SE)
CYNTHIA WILLIAMS, REG AGT
2311 HIGHLAND AVE SOUTH
BIRMINGHAM, AL 35203

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**ROSE C RILEY VS NATIONSCREDIT FINANCIAL SERVICES CORP ET AL**
**03-CV-2007-001937.00**

The following matter was FILED on 1/17/2008 8:58:45 AM

**D001 NATIONSCREDIT FINANCIAL SERV**
**MOTION TO DISMISS PURSUANT TO RULE 12(B)**

[Attorney: SCOTT JOHN W]

Notice Date:     1/17/2008 8:58:45 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2007-001937.00

Judge: CHARLES PRICE

To:  RILEY ROSE C         (PRO SE)
901 BROOKLAND CURVE
MONTGOMERY, AL 36117

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### ROSE C RILEY VS NATIONSCREDIT FINANCIAL SERVICES CORP ET AL
### 03-CV-2007-001937.00

The following matter was FILED on 1/17/2008 8:58:45 AM

**D001 NATIONSCREDIT FINANCIAL SERV**
**MOTION TO DISMISS PURSUANT TO RULE 12(B)**

[Attorney: SCOTT JOHN W]

Notice Date:      1/17/2008 8:58:45 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



ELECTRONICALLY FILED
1/17/2008 9:31 AM
CV-2007-001937.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| **ROSE C. RILEY, PRO SE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **CV-2007-001937** |
| **NATIONSCREDIT FINANCIAL** | ) | |
| **SERVICES CORPORATION;** | ) | |
| **FAIRBANKS CAPITAL** | ) | |
| **CORPORATION; and Fictitious** | ) | |
| **Defendants A, whether B and C,** | ) | |
| **singular or plural, those other** | ) | |
| **persons, corporations, firms or** | ) | |
| **other entities whose wrongful** | ) | |
| **conduct caused the injuries and** | ) | |
| **damages to the Plaintiff, all of** | ) | |
| **whose true and correct names are** | ) | |
| **unknown to the Plaintiff at this** | ) | |
| **time but will be substituted by** | ) | |
| **amendment when ascertained,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF SERVICE OF DISCOVERY

COMES NOW Defendant NationsCredit Financial Services Corporation ("NationsCredit"), in accordance with Rule 5(d) of the Alabama Rules of Civil Procedure, and gives notice of service of the following discovery document in the above-styled cause.

1. Requests for Admission and First Interrogatories and Requests for Production to Plaintiff Rose Riley

Respectfully submitted,


/s/ John W. Scott_____
John W. Scott
Kimberly W. Geisler
Attorneys for Defendant
NationsCredit Financial
Services Corporation

**OF COUNSEL:**
SCOTT DUKES & GEISLER, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
Telephone: (205) 251-2300
Telecopier: (205) 251-6773

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing by U.S. Mail, addressed as follows:

Ms. Rose Riley
901 Brookland Curve
Montgomery, Alabama 36117

John David Collins, Esq.
Maynard Cooper & Gale, P.C.
AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

DONE this the 17th day of January 2007.


/s/John W. Scott_____
Of Counsel

2



**AlaFile E-Notice**

03-CV-2007-001937.00

To: JOHN SCOTT
jscott@scottdukeslaw.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**ROSE C RILEY VS NATIONSCREDIT FINANCIAL SERVICES CORP ET AL**
**03-CV-2007-001937.00**

The following discovery was FILED on 1/17/2008 9:31:41 AM

Notice Date:     1/17/2008 9:31:41 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2007-001937.00

To:  FAIRBANKS CAPITAL CORPORATIO (PRO SE)
     2400 AMSOUTH/HARBERT PLAZ
     1901 SIXTH AVE NORTH
     BIRMINGHAM, AL 35205

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### ROSE C RILEY VS NATIONSCREDIT FINANCIAL SERVICES CORP ET AL
### 03-CV-2007-001937.00

The following discovery was FILED on 1/17/2008 9:31:41 AM

Notice Date:     1/17/2008 9:31:41 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2007-001937.00

To: NATIONSCREDIT FINANCIAL SERV (PRO SE)
CYNTHIA WILLIAMS, REG AGT
2311 HIGHLAND AVE SOUTH
BIRMINGHAM, AL 35203

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### ROSE C RILEY VS NATIONSCREDIT FINANCIAL SERVICES CORP ET AL
### 03-CV-2007-001937.00

The following discovery was FILED on 1/17/2008 9:31:41 AM

Notice Date:     1/17/2008 9:31:41 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2007-001937.00

To: RILEY ROSE C          (PRO SE)
901 BROOKLAND CURVE
MONTGOMERY, AL 36117

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

ROSE C RILEY VS NATIONSCREDIT FINANCIAL SERVICES CORP ET AL
03-CV-2007-001937.00

The following discovery was FILED on 1/17/2008 9:31:41 AM

Notice Date:     1/17/2008 9:31:41 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

**STATE OF ALABAMA**
Unified Judicial System                    Revised 2/14/05

03-MONTGOMERY          ☐ District Court  ☑ Circuit Court

ELECTRONICALLY FILED
1/22/2008 3:18 PM
CV-2007-001937.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

Case N____
CV20070____

ROSE C RILEY VS NATIONSCREDIT FINANCIAL SERVICES CORP ET AL

**CIVIL MOTION COVER SHEET**
Name of Filing Party:  D002 - FAIRBANKS CAPITAL CORPORATIO

Name, Address, and Telephone No. of Attorney or Party. If Not Represented.

JOHN COLLINS
1901 SIXTH AVENUE NORTH, SUITE 2400
AMSOUTH/HARBERT PLAZA
BIRMINGHAM, AL 35203

Attorney Bar No.:  COL119

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Extension of Time |
| | ☐ In Limine |
| ☐ Other _____ | ☐ Joinder |
| pursuant to Rule _____ ($50.00) | ☐ More Definite Statement |
| | ☑ Motion to Dismiss pursuant to Rule 12(b) |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| ☐ Local Court Costs $ _____ | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship ☐ | Date:<br><br>1/22/2008 3:16:40 PM | Signature of Attorney or Party:<br><br>/s JOHN COLLINS |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
1/22/2008 3:18 PM
CV-2007-001937.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| Rose C. Riley | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. 2007-001937** |
| | ) | |
| **NationsCredit Financial Services** | ) | |
| **Corporation; Fairbanks Capital Corporation** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MOTION TO DISMISS

Defendant Select Portfolio Servicing, Inc. ("SPS"), formerly known as Fairbanks Capital Corp., moves the Court to dismiss Plaintiff's Complaint for insufficient service of process pursuant to Ala. R. Civ. P. 12(b)(5). In support of this motion, SPS states as follows:

1.    The Alabama Rules of Civil Procedure provide that a corporation may be served as follows:

> Upon a domestic or foreign corporation or upon a partnership, limited partnership, limited liability partnership, limited liability company, or unincorporated organization or association, by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process.

ALA. R. CIV. P. 4(c)(6 ). "Personal or certified mail service *must be directed to the registered or appointed agent or to a specific person*, such as an 'officer.'" ALA. R. CIV. P. 4(c)(6) cmt. subdivision (c) (2004) (emphasis added). *See Aaron v. Aaron*, 571 So. 2d 1150 (Ala. Civ. App. 1990) (Strict compliance regarding service of process is required).

2.    Plaintiff here did not direct service of process to a specific person or to the registered or appointed agent as required by Rule 4(c)(6), but rather mailed the summons and complaint to SPS' lawyer in Birmingham, Alabama. SPS has not waived service pursuant to express requirements of Rule 4(h).

01592469.1

3.     "When the service of process on the defendant is contested as being improper or invalid, the burden of proof is on the plaintiff to prove that service of process was performed correctly and legally." *Ex parte Volkswagenwerk Aktiengesellschaft*, 443 So. 2d 880, 884 (Ala. 1983).  Consequently, Plaintiff cannot demonstrate that she properly served SPS as required under ALA. R. CIV. P. 4(c)(6) and her Complaint should be dismissed due to improper service.

Respectfully submitted,


/s John David Collins
Thomas W. Thagard III
John David Collins
Attorneys for Select Portfolio Servicing, Inc.


OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
(205) 254-1000

- 2 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed person by placing a copy of the same in the United States mail, postage prepaid and properly addressed, and via facsimile this the 22nd day of January, 2008:

Ms. Rose C. Riley
901 Brookland Curve
Montgomery, Alabama 36117

John W. Scott
Kimberly W. Geisler
SCOTT DUKES & GEISLER, P.C.
Birmingham, Alabama 35203
(205) 251-3000

/s John David Collins
Of Counsel



**AlaFile E-Notice**

03-CV-2007-001937.00

Judge: CHARLES PRICE

To:  JOHN COLLINS
jcollins@maynardcooper.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

ROSE C RILEY VS NATIONSCREDIT FINANCIAL SERVICES CORP ET AL
03-CV-2007-001937.00

The following matter was FILED on 1/22/2008 3:18:36 PM

D002 FAIRBANKS CAPITAL CORPORATIO
MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Attorney: COLLINS JOHN DAVID]

Notice Date:     1/22/2008 3:18:36 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2007-001937.00

Judge: CHARLES PRICE

To:  FAIRBANKS CAPITAL CORPORATIO (PRO SE)
2400 AMSOUTH/HARBERT PLAZ
1901 SIXTH AVE NORTH
BIRMINGHAM, AL 35205

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### ROSE C RILEY VS NATIONSCREDIT FINANCIAL SERVICES CORP ET AL
### 03-CV-2007-001937.00

The following matter was FILED on 1/22/2008 3:18:36 PM

**D002 FAIRBANKS CAPITAL CORPORATIO**

**MOTION TO DISMISS PURSUANT TO RULE 12(B)**

[Attorney: COLLINS JOHN DAVID]

Notice Date:     1/22/2008 3:18:36 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2007-001937.00

Judge: CHARLES PRICE

To: RILEY ROSE C          (PRO SE)
901 BROOKLAND CURVE
MONTGOMERY, AL 36117

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

ROSE C RILEY VS NATIONSCREDIT FINANCIAL SERVICES CORP ET AL
03-CV-2007-001937.00

The following matter was FILED on 1/22/2008 3:18:36 PM

D002 FAIRBANKS CAPITAL CORPORATIO
MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Attorney: COLLINS JOHN DAVID]

Notice Date:     1/22/2008 3:18:36 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2007-001937.00

Judge: CHARLES PRICE

To:   SCOTT JOHN W
      jscott@scottdukeslaw.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**ROSE C RILEY VS NATIONSCREDIT FINANCIAL SERVICES CORP ET AL**
**03-CV-2007-001937.00**

The following matter was FILED on 1/22/2008 3:18:36 PM

**D002 FAIRBANKS CAPITAL CORPORATIO**
**MOTION TO DISMISS PURSUANT TO RULE 12(B)**
[Attorney: COLLINS JOHN DAVID]

Notice Date:      1/22/2008 3:18:36 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2007-001937.00
Judge: CHARLES PRICE

To:  COLLINS JOHN DAVID
      jcollins@maynardcooper.com

---

# NOTICE OF CASE SETTING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### ROSE C RILEY VS NATIONSCREDIT FINANCIAL SERVICES CORP ET AL
### 03-CV-2007-001937.00

The following matter was SET FOR HEARING

**D002 FAIRBANKS CAPITAL CORPORATIO**
**MOTION TO DISMISS PURSUANT TO RULE 12(B)**

[Attorney: COLLINS JOHN DAVID]

Hearing Date:    02/25/2008
Hearing Time:    08:30:00 AM
Location:        4C

Notice Date:     1/28/2008 3:26:49 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2007-001937.00

Judge: CHARLES PRICE

To:  SCOTT JOHN W
jscott@scottdukeslaw.com

# NOTICE OF CASE SETTING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### ROSE C RILEY VS NATIONSCREDIT FINANCIAL SERVICES CORP ET AL
### 03-CV-2007-001937.00

The following matter was SET FOR HEARING

**D002 FAIRBANKS CAPITAL CORPORATIO**

**MOTION TO DISMISS PURSUANT TO RULE 12(B)**

[Attorney: COLLINS JOHN DAVID]

Hearing Date:    02/25/2008
Hearing Time:    08:30:00 AM
Location:        4C

Notice Date:     1/28/2008 3:26:49 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2007-001937.00

Judge: CHARLES PRICE

To:  RILEY ROSE C          (PRO SE)
     901 BROOKLAND CURVE
     MONTGOMERY, AL 36117

# NOTICE OF CASE SETTING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**ROSE C RILEY VS NATIONSCREDIT FINANCIAL SERVICES CORP ET AL**
**03-CV-2007-001937.00**

The following matter was SET FOR HEARING

**D002 FAIRBANKS CAPITAL CORPORATIO**
**MOTION TO DISMISS PURSUANT TO RULE 12(B)**
[Attorney: COLLINS JOHN DAVID]

Hearing Date:    02/25/2008
Hearing Time:    08:30:00 AM
Location:        4C

Notice Date:     1/28/2008 3:26:49 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2007-001937.00

Judge: CHARLES PRICE

To:  COLLINS JOHN DAVID
     jcollins@maynardcooper.com

# NOTICE OF CASE SETTING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### ROSE C RILEY VS NATIONSCREDIT FINANCIAL SERVICES CORP ET AL
### 03-CV-2007-001937.00

The following matter was SET FOR HEARING

**D001 NATIONSCREDIT FINANCIAL SERV**

**MOTION TO DISMISS PURSUANT TO RULE 12(B)**

[Attorney: SCOTT JOHN W]

Hearing Date:     02/25/2008
Hearing Time:     08:30:00 AM
Location:         4C

Notice Date:      1/28/2008 3:27:34 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2007-001937.00

Judge: CHARLES PRICE

To:  SCOTT JOHN W
     jscott@scottdukeslaw.com

# NOTICE OF CASE SETTING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### ROSE C RILEY VS NATIONSCREDIT FINANCIAL SERVICES CORP ET AL
### 03-CV-2007-001937.00

The following matter was SET FOR HEARING

**D001 NATIONSCREDIT FINANCIAL SERV**

**MOTION TO DISMISS PURSUANT TO RULE 12(B)**

[Attorney: SCOTT JOHN W]

Hearing Date:     02/25/2008
Hearing Time:     08:30:00 AM
Location:         4C

Notice Date:      1/28/2008 3:27:34 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2007-001937.00

Judge: CHARLES PRICE

To:   RILEY ROSE C           (PRO SE)
      901 BROOKLAND CURVE
      MONTGOMERY, AL 36117

---

# NOTICE OF CASE SETTING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**ROSE C RILEY VS NATIONSCREDIT FINANCIAL SERVICES CORP ET AL**
**03-CV-2007-001937.00**

The following matter was SET FOR HEARING

**D001 NATIONSCREDIT FINANCIAL SERV**
**MOTION TO DISMISS PURSUANT TO RULE 12(B)**

[Attorney: SCOTT JOHN W]

Hearing Date:    02/25/2008
Hearing Time:    08:30:00 AM
Location:        4C

Notice Date:     1/28/2008 3:27:34 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

AVSO350

ALABAMA JUDICIAL DATA CENTER
MONTGOMERY    COUNTY

SUMMONS

CV 2007 001937.00

```
---------------------------------------------------------------------
```

IN THE CIRCUIT  COURT OF MONTGOMERY    COUNTY

ROSE C RILEY VS NATIONSCREDIT FINANCIAL SERVICES CORP ET AL

SERVE ON: (D001)

SSN: 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                                    PLAINTIFF`S ATTORNEY

NATIONSCREDIT FINANCIAL SERVIC                      *** PRO SE ***
CYNTHIA WILLIAMS, REG AGT
2311 HIGHLAND AVE SOUTH
BIRMINGHAM    ,AL  35203-0000

```
---------------------------------------------------------------------
```

TO THE ABOVE NAMED DEFENDANT:

 THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS, YOU OR YOUR ATTORNEY ARE
REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER
ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS
ATTORNEY(S) SHOWN ABOVE OR ATTACHED:

 THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS
AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE
ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

```
---------------------------------------------------------------------
```

( )  TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR
     4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE:
     YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE
     COMPLAINT IN THIS ACTION UPON DEFENDANT.

( )  THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE
     WRITTEN REQUEST OF _____ PURSUANT TO RULE 4.1(C)
     OF THE ALABAMA RULES OF CIVIL PROCEDURE

DATE: 12/12/2007                        CLERK:MELISSA RITTENOUR
                                        P O BOX 1667
                                        MONTGOMERY  AL  36102-1667
                                        (334)832-1266

```
---------------------------------------------------------------------
```

 RETURN ON SERVICE:

( )  CERTIFIED MAIL RETURN RECEIPT IN THIS OFFICE ON (DATE) _____
     (RETURN RECEIPT HERETO ATTACHED)

(X)  I CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE SUMMONS AND

     COMPLAINT TO CARRIE RICHARDS (SIROTE + PERMUTT)

     IN JEFFERSON        COUNTY, ALABAMA ON (DATE) 1-31-08

1-31-08                                 C Underwood
DATE                                    SERVER SIGNATURE

                                        D.S.
SERVER ADDRESS                          TYPE OF PROCESS SERVER

RCVD DEC 19 '07 AM11:46

```
---------------------------------------------------------------------
```

OPERATOR: LAW
PREPARED: 12/12/2007



**CYNTHIA W. WILLIAMS**
ATTORNEY AT LAW
(205) 918-5061
cindywilliams@sirote.com

S I R O T E
— & —
P E R M U T T
A PROFESSIONAL CORPORATION

February 5, 2008


The Honorable Charles Price
P.O. Box 1667
Montgomery, AL 36102

Circuit Court Clerk Melissa Bittenour
P.O. Box 1667
Montgomery, AL 36102

Re:    CV 2007-1937 in the Circuit Court, Montgomery County, Alabama

Dear Judge Price and Ms. Bittenour:

I was recently served with a complaint for the above-referenced case and the summons shows me as registered agent for NationsCredit Financial. I am not the registered agent for NationsCredit Financial and am not authorized to accept service on behalf of that entity. Should you have any questions or need any further information, please feel free to contact me.

Sincerely,



Cynthia W. Williams
FOR THE FIRM

CWW/ta
c:    Rose C. Riley
      John W. Scott, Esq.
      John David Collins, Esq.

2008 FEB -7 AM 10: 48
CIRCUIT COURT OF
MONTGOMERY COUNTY

DOCSBHM\1540459\1\

LAW OFFICES AND MEDIATION CENTERS
2311 HIGHLAND AVENUE SOUTH    BIRMINGHAM, ALABAMA 35205
POST OFFICE BOX 55727    BIRMINGHAM, ALABAMA 35255-5727
TELEPHONE | 205.930.5100    FAX | 205.930.5101    URL | http://www.sirote.com
B i r m i n g h a m    |    H u n t s v i l l e    |    M o b i l e



# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

FILED OF
CIRCUIT COUNTY COUNTY

2008 FEB 14 PM 3: 28

| | | |
|---|---|---|
| ROSE C. RILEY,  PRO SE | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **CIVIL ACTION NO.** |
| | ) | **CV-2007-001937** |
| | ) | |
| NATIONSCREDIT FINANACIAL | ) | |
| SERVICES CORPORATION; | ) | |
| FAIRBANKS CAPITAL | ) | |
| CORPORATION; | ) | |
| and Fictitious Defendants A, whether | ) | |
| B and C, singular or plural, those | ) | |
| other persons, corporations, firms or | ) | |
| other entities whose wrongful | ) | |
| conduct caused the injuries and | ) | |
| damages to the Plaintiff, all of whose | ) | |
| true and correct names are unknown | ) | |
| to the Plaintiff at this time but will be | ) | |
| substituted by amendment when | ) | |
| ascertained, | ) | |
|     Defendants. | ) | |

## PLAINTIFF'S RESPONSE TO NATIONSCREDIT FINANCIAL SERVICES CORPORATION ("NATIONSCREDIT") FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

      COMES NOW, ROSE C. RILEY and hereby responds to the Defendants' First Interrogatories and Request for Production as follows:

### REQUESTS FOR ADMISSION

**ANSWER: 1.**  I admit that the total amount of damages in this lawsuit exceeds the sum or value of $75,000.

**ANSWER: 2.**  I admit that I am seeking damages from "NationsCredit" and "Fairbanks" in excess of $75,000.

### INTERROGATORIES

**ANSWER:1.**  Plaintiff will provide this information pursuant to the Court's Scheduling Order.

**ANSWER:2.**  (a) The injuries suffered are physical, mental and economic.

(b) The damages sought are compensatory and punitive.

(c) Plaintiff will provide this information pursuant to the Court's Scheduling Order.

(d) Plaintiff will provide this information pursuant to the Court's Scheduling Order.

(e) Plaintiff will provide this information pursuant to the Court's Scheduling Order.

**ANSWER 3:**   As to this part, Plaintiff objects on the grounds the complaint does not enumerate a specific monetary amount of damage.

## **REQUEST FOR PRODUCTION**

**ANSWER 1:** Plaintiff will provide copies of documents to be offered at trial Pursuant to the Court's Scheduling Order.

Dated: February 12, 2008

Montgomery, Alabama

Respectfully submitted,

Rose C. Riley, Pro Se
901 Brookland Curve
Montgomery, Alabama  36117
(334) 273-9119

ROSE C. RILEY

901 Brookland Curve

Montgomery, Alabama 36117

(334) 273-9119

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing by U.S. Mail, addressed

as follows:

Ms. Kimberly W. Geisler, Esq.
SCOTT DUKES & GEISLER, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
(205) 251-2300

John David Collins, Esq.
MAYNARD, COOPER & GALE, P.C.
AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

DONE this the 12th day of February, 2008

_____
Rose C. Riley, Pro Se



**AlaFile E-Notice**

03-CV-2007-001937.00

Judge: CHARLES PRICE

To:  RILEY ROSE C          (PRO SE)
     901 BROOKLAND CURVE
     MONTGOMERY, AL 36117

---

# NOTICE OF SERVICE

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**ROSE C RILEY VS NATIONSCREDIT FINANCIAL SERVICES CORP ET AL**
**03-CV-2007-001937.00**

The following matter was served on 1/31/2008

**D001 NATIONSCREDIT FINANCIAL SERV**
**AUTHORIZED SERVICE**
SERVED BY CARRIE RICHARDS

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

*FILED ... OF ... COUNTY
2008 FEB 14 PM 3: 27*

| | |
|---|---|
| ROSE C. RILEY,  PRO SE | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) CIVIL ACTION NO. |
| | ) CV-2007-001937 |
| | ) |
| NATIONSCREDIT FINANACIAL | ) |
| SERVICES CORPORATION; | ) |
| FAIRBANKS CAPITAL | ) |
| CORPORATION; | ) |
| and Fictitious Defendants A, whether | ) |
| B and C, singular or plural, those | ) |
| other persons, corporations, firms or | ) |
| other entities whose wrongful | ) |
| conduct caused the injuries and | ) |
| damages to the Plaintiff, all of whose | ) |
| true and correct names are unknown | ) |
| to the Plaintiff at this time but will be | ) |
| substituted by amendment when | ) |
| ascertained, | ) |
|     Defendants. | ) |

**<u>PLAINTIFFS' FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION TO DEFENDANTS NATIONS CREDIT
FINANCIAL SERVICES CORPORATION AND FAIRBANKS
CAPITAL CORPORATION</u>**

    Pursuant to the <u>Alabama Rules of Civil Procedure,</u> Plaintiff propounds the following interrogatories to be answered by "NationsCredit" and "Fairbanks", Party Defendants, in the manner and form prescribed by law.

1.  State the legal name of the proper Defendants and the name of the business in which this Defendant is presently engaged.

2.  List each parent or holding company and subsidiary for this Defendant.

3.  State the relationship between this Defendant and any other Defendant involved in this transaction.  Produce any documents that are evidence of such a relationship.

4. List each agency state or federal, that exercises any regulatory or supervisory Control over the business or financial affairs of this Defendant.

5. Describe any documents that relate in any manner to the Plaintiff's claim which have been removed from any file or not produced because of the attorney/client privilege or work product doctrine.

6. Documents including correspondences evidencing or relating to any reprimands, actions, complaints, or disciplinary actions taken against this Defendant by any regulatory agency or Attorney General of any State, which deals with matters similar to those alleged in the complaint.

7. Similar complaints that have been filed against this Defendant with any other State or Federal Agency for the past five years.

8. All customer complaints, written or oral, relating to this Defendant's loan and/or lending practices in the past three years.

9. All agreements and settlements, including indemnity agreements, between this Defendant and each other Defendant.

## SPECIFIC DOCUMENTS REQUESTED

1. All correspondence or communication between this Defendant and Plaintiff.

2. A list of all fraud lawsuits filed and settlements reached against this Defendant in the last five years.

3. Any file or documents relating to Plaintiff or Plaintiff's claim that has not been requested specifically herein above.

4. All documents, manuals, policy and procedures manuals, correspondence, or written documents, which deal with or related to fraud control, wrongful activities control, recognizing wrongful activity of an employee or agent, or recognizing fraud of an employee or agent, or warning signs of fraud or wrongful activities of an employee or agent for the past five years.

5. All customer complaints filed against this Defendant with any State of Federal Agencies.

6. All customer complaints filed with the Attorney General of Alabama, Alabama Banking Department, Alabama Insurance Department or any other State or Federal Agencies in the State of Alabama.

7. Any complaints or actions filed by any State/ Federal Agencies against the Defendant.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the ___14th___ day of February, 2008 a copy of the above and foregoing was placed in the United States mail, postage prepaid, affixed hereto, and served upon the following counsel of record:


Kimberly W. Geisler, Esq.
Attorneys At Law for "NationsCredit"
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203


John David Collins, Esq.
Attorneys At Law for "Fairbanks"
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203


Rose C. Riley, Pro Se
901 Brookland Curve
Montgomery, Alabama 36117
(334) 273-9119

# Exhibit B

Rosemary C. Riley, Pro Se
901 Brookland Curve
Montgomery, Alabama 36117

Telephone: (334) 273-9119

February 4, 2008

Ms. Kimberly W. Geisler, Esq.
2100 3rd Ave. North Suite 700
Birmingham, Alabama 35203

RE: Rose C. Riley v.NationsCredit Corporation and Fairbanks
Capital Corporation
Case No.: CV-2007-1937

Dear Attorney Geisler,

I am writing in regards to your request dated January 16, 2008 to effectively meditate the issues, settle efficiently the dispute with fairness to all involved and to avoid litigation.

The main issues would be for the Plaintiff to be compensated for her residence, for the defendant to pay for breach of service and for all parties to bring this matter to a mutually satisfying end, swiftly and economically.

I will also forward the press release to be sent regarding the illegal foreclosure of said property which significantly is February 2008 Black History in the making. I strongly suggest that we continue communications to settle and have a positive disposition to mitigate the cost of a lengthy mediation settlement agreement. Please contact me at (334) 273-9119, to discuss the parameters and settlement negotiations. I do look forward to resolving this matter. Thank You.

Respectfully Submitted,

Rose C. Riley, Pro Se

cc: Attorney John David Collins for Fairbanks

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **ROSE C. RILEY, Pro Se** )<br>　　**Plaintiff,** ) | **Civil Action No.:** |
| ) | **CV-2007-1937** |
| ) | |
| **NATIONSCREDIT CORPORATION,** ) | |
| ) | |
| **FAIRBANKS CAPITAL CORPORATION** ) | |
| 　　**Defendants.** ) | |

**SETTLEMENT AGREEMENT AND RELEASE**

　　　　This Settlement Agreement and Release ("Settlement Agreement") is made and entered into on this _____ day of _____, 2008, by and between Rose C. Riley and NationsCredit and Fairbanks Capital Corportion, as more fully appears herein:

**RECITALS**

　　　　**Whereas,** Rose C. Riley and NationsCredit Corporation and Fairbanks Capital Corporation are parties in the following civil action:

　　　　Rose C. Riley v.NationsCredit Corporation and Fairbanks Capital Corporation pending in the Circuit Court of Montgomery County, Alabama Civil Action Number: CV-2007-1937 (hereinafter called "the litigation"):

　　　　**Whereas,** the parties consider the settlement of all claims arising from or related to the litigation to be in their best interest and have concluded that it is desirable to compromise and settle all such claims and potential claims upon the terms and conditions set forth:

　　　　**Whereas,** on December 11, 2007 the plaintiff filed suit against NationsCredit Corporation and  Fairbanks Capital Corporation, seeking injunctive relief, punitive and compensatory damages for the plaintiff's irreparable harm and losses;

Case No: CV-2007-1937
Page 2

**Whereas,** the parties have resolved their differences and entered into a settlement agreement, the terms and conditions of which are set out below:

**Now,** Therefore, It Is Hereby Stipulated And Agreed between Rose C. Riley and NationsCredit and Fairbanks Capital Corporation:

## AGREEMENT

1. NationsCredit and Fairbanks pays off the principle balance of the real estate note and mortgage which note is the subject of this lawsuit presenting the title paid in full of 901 Brookland Curve; Montgomery, Alabama, 36117 to Rose C. Riley.

2. Rose C. Riley agrees to a one-time monetary payment of $30,000.00 from the defendants.

3. NationsCredit and Fairbanks Capital Corporation agrees to pay the sum of $30,000.00 to the plaintiff.

4. The ties agree to dismiss this case with prejudice, each party to bear their own costs, in exchange for a mutual release.

## II.     RELEASE AND DISCHARGE

1. Rose C. Riley, their administrators, successors, and assigns hereby release, acquit and forever discharge NationsCredit and Fairbanks Capital Corporation, its predecessors, successors, subsidiary companies, parent companies, related companies, divisions, affiliates, assigns, officers, directors, employees, attorneys, insurers and agents from any and all claims, lawsuits, demands, actions, causes of actions, rights, damages, costs, attorneys' fees, expenses and compensation whatsoever, known or unknown, foreseen or unforeseen, legal or equitable, which has previously been existed, now exist, or could hereinafter exist, arising from, connected with, or related in any way whatsoever to a claim, counterclaim, third party claim or claim of indemnity that was asserted or could have been asserted in the litigation.

Case No.: CV-2007-1937
Page 3

2.    NationsCredit and Fairbanks Capital Corporation, its administrators, successors, parent companies, subsidiary companies, related companies, related entities and assigns hereby release, acquit and forever discharge Rose C. Riley from any and all claims, lawsuits, demands, actions, causes of action, rights, damages, costs, attorney fees, expenses and compensation whatsoever, known or unknown, foreseen or unforeseen, legal or equitable, which have previously existed, now exist, or could hereinafter exist, arising from, connected with, or related in any way whatsoever to any claim, counterclaim, third party claim or claim of indemnity that was asserted or could have been asserted in the litigation.

3.    Notwithstanding any language to the contrary, the parties hereby expressly acknowledge the validity and enforceability of the agreement as extended under the terms of settlement executed by RoseC. Riley and NationsCredit and Fairbanks Capital Corporation.

### III.    CONSIDERATION

1.    The parties acknowledge and recognize that the consideration for entering into this settlement is the following agreement:

(A.) Rose C. Riley and NationsCredit and Fairbanks Capital Corporation agree to settle the litigation pending in the Circuit Court of Montgomery County, Alabama as follows:

(1.) NationsCredit and Fairbanks pays off the principle balance of the real estate note and mortgage which note is the subject of this lawsuit presenting the title paid in full of 901 Brookland Curve; Montgomery, Alabama, 36117 to Rose C. Riley.

(2.) Rose C. Riley agrees to accept $30,000.00 within 30 days of ratification of the settlement. Said sum consideration for the aforementioned Agreement, Release and Discharge.

(3.) NationsCredit and Fairbanks Capital Corporation agrees to pay to the

Case No.: CV-2007-1937
Page 4

order of Rose C. Riley the sum of $30,000.00
within 30 days of ratification of the settlement. Said sum
consideration for the aforementioned Agreement, Release
and Discharge.

(4.) Both parties agree to dismiss the case with
prejudice, each party to bear their own costs, in exchange
for a mutual release.

## IV.    NO ADMISSION OF LIABILITY

1.   The parties acknowledge that they do not now and have not
at any time admitted any liability for the claims asserted in the
litigation or any claims whatsoever and that nothing herein shall
be construed as an admission of fact, liability or law by the
parties to this Settlement Agreement and Release concerning the
allegations or claims either in the litigation or otherwise.

## V.     CAPACITY

1.    The parties represent that they have the capacity to enter into
this Settlement Agreement.  The parties to this Settlement
Agreement represent that no promise or agreement not herein
expressed has been made to them as an inducement to enter into
this Settlement Agreement are contractual and not mere recital.

**Entered into this** _____th day of _____, 2008.

_Rose C. Riley_
_____
Rose C. Riley, Pro Se

Case No.: CV-2007-1937
Page 5


State of Alabama            )

_____County)


       Before me, a notary public in and for said state and county, personally appeared Rosemary C. Riley and after being duly sworn did state that she has read the above and foregoing, it is true and correct, and she executed same of her own free will.

       Sworn to and subscribed this _____ day of _____, 2008.

                         _____
                         Notary Public
                         My Commission expires:_____

**Entered into this** _____th day of _____ 2008.

                         _____
                         NationsCredit and Fairbanks Capital Corporation Officer


State of Alabama            )

_____County)


       Before me, a notary public in and for said state and county, personally appeared NationsCredit and Fairbanks Capital Corporation Official and after being duly sworn did state that he has read the above and foregoing, it is true and correct, and he executed same of his own free will.

       Sworn to and subscribed this _____ day of _____, 2008.

                         _____.
                         Notary Public
                         My Commission expires:_____ .

# Exhibit C

STATE OF UTAH            )
                                   :
COUNTY OF SALT LAKE    )

## AFFIDAVIT OF DUSTIN STEPHENSON

Before me, the undersigned authority in, and for said County and State, this day personally appeared Dustin Stephenson, who, being first duly sworn, deposes and says as follows:

1.    My name is Dustin Stephenson, and I am over 21 years of age and am competent to give this affidavit. I am a Document Control Officer with Select Portfolio Servicing, Inc. (formerly known as Fairbanks Capital Corp.), and have held such position since April 2007. Based upon my knowledge and my review of business records generated and maintained in the normal course of Select Portfolio Servicing's business, I have personal knowledge of the facts set forth herein.

2.    Rosemary C. Riley obtained a mortgage loan (the "Loan") from NationsCredit Financial Services Corporation of Alabama ("NationsCredit") on or about October 20, 1999. At that time, she executed a Note in favor of NationsCredit in an original principal amount of $98,957.00. The Note was secured by a Mortgage executed by Ms. Riley in favor of NationsCredit. A copy of the applicable Note and Mortgage is attached hereto as Exhibit A.

3.    On April 1, 2002, the servicing rights to Ms. Riley's Loan transferred from NationsCredit to Select Portfolio Servicing.

4.    As of today, Ms. Riley's account is 55 months delinquent, being due for her July 25, 2003 payment.

5.    The principal balance of Ms. Riley Loan is currently $ 97,512.53.

01605715.1

6.    The total payoff amount for Ms. Riley's Loan, including all late fees and advancements for taxes, insurance, property inspections, foreclosure fees and costs, is currently $ 146.474.98.

FURTHER AFFIANT SAYETH NOT.

Executed on this the _____ day of February, 2008.

[ _____ ]

**DUSTIN STEPHENSON**
**Document Control Officer**

Sworn to and subscribed before me on this the _____ day of February 2008.

_____
Notary Public
My commission expires:

NOTARY PUBLIC
ADAM SHIELDS
8750 S. Buckthorn Circle
West Jordan, Utah 84088
My Commission Expires
November 2, 2008
STATE OF UTAH

2

**EXHIBIT A**

I CERTIFY THAT THIS IS A
TRUE AND CORRECT COPY OF
THE ORIGINAL INSTRUMENT.



146908  700227465  7002274657 Mortgage

Space Above Line For Recorder's Use

62553 / 7002274657

## MORTGAGE

THIS MORTGAGE (herein "Security Instrument") is made this ___20th___ day of October, 1999 ___.
The Grantor is, Rose C. Riley, an unmarried woman _____ (herein
"Borrower"). This Security Instrument is given to _NationsCredit Financial Services Corporation of Alabama_ a
corporation organized and existing under the laws of _Alabama_____ whose address is
_2246 Eastern Blvd., , Montgomery, AL  36117_____ (herein "Lender").

Borrower owes Lender the principal sum of _____
NINETY EIGHT THOUSAND NINE HUNDRED FIFTY SEVEN and 00/100 _____ U.S.
$ 98,957.00 _____, which indebtedness is evidenced by Borrower's note dated _10/20/1999_____ and
extensions and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of
the indebtedness, if not sooner paid, due and payable on _10/25/2029_____.

This Security Installment secures to Lender: (a) The repayment of the indebtedness evidenced by the Note, with interest
thereon and all renewals, extensions and modifications; (b) The payment of all other sums, with interest theron, advanced in
accordance herewith to protect the security of this Security Instrument; and (c) The performance of the covenants and
agreements of Borrower herein contained. Borrower does hereby mortgage, grant and convey to Lender and Lender's successors
and assigns, with power of sale, the following described property located in the County of ___MONTGOMERY___, State of
Alabama:

Lot 11, Block E, according to the map of Dexter Ridge, Plat No. 5, as said Map
appears of record in the Office of the Judge of Probate of Montgomery County,
Alabama, in Plat Book 43, at Page 158.

which has the address of _901 Brookland Curve, Montgomery, AL  36117_____ ,
(Street, City, State, Zip Code)                    (herein "Property Address");

To have and to hold this property unto Lender and Lender's successors and assigns, forever, together with all the
improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which
shall be deemed to be and remain a part of the property covered by this Security Instrument; and of all the foregoing,
together with said property (or the leasehold estate if this Security Instrument is on a leasehold) are hereinafter referred to as the
"Property;"

AL0191NC 4/99                                                              Page 1 of 5

Borrower covenants that ... er is lawfully seised of the estate hereby c ... ed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment, late charges and other charges due under the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Security Instrument and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Borrower and Lender may agree in writing at the time of execution of this Security Instrument that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Security Instrument.

If the amount of the Funds held by Lender shall exceed the amount permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 23 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Security Instrument.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Security Instruments and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Security Instrument, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property ("Property Taxes") which may attain a priority over this Security Instrument, and leasehold payments or ground rents, if any. In the event Borrower fails to pay any due and payable Property Taxes, Lender may, in its sole discretion, pay such charges and add the amounts thereof to the principal amount of the loan secured by the Security Instrument on which interest shall accrue at the contract rate set forth in the Note.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require. In the event Borrower fails to maintain hazard insurance (including any required flood insurance) in an amount sufficient to satisfy all indebtedness, fees, and charges owed Lender (in addition to payment of all liens and charges which may have priority over Lender's interest in the property), Lender may, in its sole discretion, obtain such insurance naming Lender as the sole beneficiary (single interest coverage). Lender may add any premiums paid for such insurance to the principal amount of the loan secured by this Security Instrument on which interest shall accrue at the contract rate set forth in the Note.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Security Instrument.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Security Instrument.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 23 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sum secured by this Security Instrument immediately prior to the acquisition.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair, shall not destroy or damage the Property, and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Security Instrument is on a leasehold. If this Security Instrument is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture

of the Property or otherwise may _____ impair the lien created by this Security In _____ t or the Lender's security interest. Borrower may cure such a default and rein _____ as provided in paragraph 19, by causing _____ on or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of Borrower's interest in the Property or other material impairment on the lien created by this Security Instrument or Lender's security interest.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, (including without limitation a proceeding in bankruptcy, probate or condemnation) then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. In addition, Borrower covenants at all times to do all things necessary to defend the title to all of the said property; but the Lender shall have the right at any time to intervene in any suit affecting such title and to employ independent counsel in connection with such suit to which it may be a party by intervention or otherwise, and upon demand Borrower agrees either (1) to pay Lender all reasonable expenses paid or incurred by it in respect to any such suit affecting title to such property, or affecting the Lender's liens or rights hereunder, including, reasonable fees to the Lender's attorneys or (2) to permit the addition of such expenses, costs, and attorney's fees to the principal balance of the Note(s) secured by this Security Instrument on which interest shall accrue at the Note rate as additional indebtedness.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Security Instrument Insurance.** If Lender required Security Instrument insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

**9. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**10. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Security Instrument.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, of or otherwise afforded by the applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Security Instrument, but does not execute the Note, (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Security Instrument, (b) is not personally liable on the Note or under this Security Instrument, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent and without releasing that Borrower or modifying this Security Instrument as to that Borrower's interest in the Property.

**13. Loan Charges.** If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

**14. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing such notice by first class addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by first class mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**15. Governing Law; Severability.** The state and local laws applicable to this Security Instrument shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Security Instrument. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Security Instrument and the Note are declared to be severable. If any provision of this Security Instrument is found to be in violation of any law, rule or regulation which affects the validity and/or enforceability of the Note and/or Security Instrument, that provision shall be deemed modified to comply with applicable law, rule, or regulation.

**16. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Security Instrument at the time of execution or after recordation hereof.

**17. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than thirty (30) days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice to or demand on Borrower.

AL0191NC 4/99                                                                 Page 3 of 5

18. Rehabilitation Loan Agreement. Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

19. Borrower's Right to Reinstate. Notwithstanding Lender's acceleration of the sums secured by this Security Instrument due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Security Instrument discontinued at any time prior to entry of a judgment enforcing this Security Instrument if Borrower does all of the following: (a) Borrower pays Lender all sums which would be then due under this Security Instrument and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Security Instrument; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Security Instrument, and in enforcing Lender's remedies as provided in paragraph 23 hereof, including, but not limited to, reasonable attorneys' fees; and court costs; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unimpaired. Upon such payment and cure by Borrower, this Security Instrument and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraph 17.

20. Assignment of Rents; Appointment of Receiver. As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 23 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 23 hereof or abandonment of the Property, Lender shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Security Instrument. The receiver shall be liable to account only for those rents actually received.

21. Sale of Note; Change of Loan Servicer. The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to the Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There may also be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law.

22. Hazardous Substances. Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and maintenance of the Property. Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. As used in this paragraph 22, "Hazardous Substances" are those substances defined as toxic or Hazardous Substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive elements. As used in this paragraph 22, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

23. Acceleration; Remedies. Except as provided in paragraph 17 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Security Instrument, including the covenants to pay when due any sums secured by this Security Instrument, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 14 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 30 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Security Instrument to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect in such proceeding all expenses incurred in pursuing the remedies provided in this paragraph 23, including, but not limited to, reasonable attorneys' fees and costs of evidence.

If Lender invokes the power of sale, Lender shall give a copy of a notice to Borrower in the manner provided in paragraph 14. Lender shall publish the notice of sale once a week for three consecutive weeks in a newspaper published in _____MONTGOMERY_____ County, Alabama, and thereupon shall sell the Property to the highest bidder at pubic auction at the front door of the county courthouse of this county. Lender shall deliver to the purchaser Lender's deed conveying the Property. Lender or its designee may purchase the Property at any sale. Borrower covenants and agrees that the proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

24. Release: Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument without charge to Borrower. Borrower shall pay all costs of recordation, if any.

25. Waivers: Borrower waives all rights of homestead exemption in the Property and relinquishes all rights of courtesy and dower in the Property.

26. Riders to this Security Instrument. If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

☐ Adjustable Rate Rider          ☐ Condominium Rider          ☐ 1-4 Family Rider

☐ Planned Unit Development Rider          ☐ Balloon Rider          ☐ Other(s) (specify):

AL0191NC 4/99                                                                    Page 4 of 5

**REQUEST FOR NOTICE OF DEFAULT**

**AND FORECLOSURE UNDER SUPERIOR**

**MORTGAGES OR DEEDS OF TRUST**

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Security Instrument to give Notice to Lender, at Lender's address set forth on page one of this Security Instrument, of any default under the superior encumbrance and of any sale or other foreclosure action.

In Witness Whereof, Borrower has executed this Security Instrument.

**NOTICE TO BORROWER**

Do not sign this Security Instrument if it contains blank spaces. All spaces should be completed before you sign.

Signed, sealed and delivered in the presence of:

| | |
|---|---|
| Name: _____ | _____ (Seal) |
| | Name: ~~Rose C. Riley~~ Borrower |
| | Address: 901 Brookland Curve |
| | Montgomery, AL 36117 |
| Name: _____ | _____ (Seal) |
| | Name: Borrower |
| | Address: |
| Name: _____ | _____ (Seal) |
| | Name: Borrower |
| | Address |

State of  ALABAMA

County of  Montgomery

I, _____the undersigned_____ a Notary Public in and for said County and State, hereby certify that Rose C. Riley, an unmarried woman                                                                   whose name(s) is/are signed to the foregoing conveyance and who is/are personally known to me or who has produced Driver's License                                    as identification, did acknowledge before me on this day that, being informed of the contents of the conveyance, he/she/they did execute the same voluntarily on the day the same bears date. Given under my name this _____20th_____ day of _____October, 1999_____

(Seal)

Notary Public
Name:   Michael D. Morgan
My Commission Expires  7/16/2001

PREPARED BY & RETURN TO:
Nations Credit Financial Services Corporation of Alabama
2246 Eastern Blvd.
Montgomery, AL  36117

AL0191NC 4/99

Page 5 of 5

**NOTE**

10/20/1999                     901 Brookland Curve, Montgomery, AL 36117                        , Alabama
(Date)                                    (Property Address)                    (City)

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 98,957.00 (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is NationsCredit Financial Services Corporation of Alabama .
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

## 2. INTEREST

I will pay interest at a yearly rate of 10.9900 %.
Interest will be charged on that part of principal which has not been paid
10/25/1999 and continuing until the full amount of principal has been p 146908  700227465  7002274657
Subject to applicable law, the Note Holder shall be entitled to interest at th (amount past due) including, without limitation, circumstances in which a petition in bankruptcy, wage-earner, or other insolvency proceeding is filed designating me as debtor.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(C) of this Note. It is agreed that the total of all interest and other charges that constitute interest under applicable law shall not exceed the maximum amount of interest permitted by applicable law.

## 3. PAYMENTS

Such principal and interest shall be payable in 360 successive monthly installments with the first such installment in the amount of $ 941.64 due on the 25th day of November, 1999 , and subsequent monthly installments of $ 941.64 shall be due on the 25th day of each succeeding month thereafter. A final payment of $ 949.42 will be due on 10/25/2029 , I will make these payments every month until I have paid all the principal and interest and any other charges, described below, that I may owe under this Note. If, on 10/25/2029 , I still owe amounts under this Note, I will pay all those amounts, in full, on that date. Time is of the essence of this Note.

I will make my monthly payments at P.O. Box 650200, Dallas, TX 75265-0200 , or at a different place if required by the Note Holder.

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full or partial prepayment without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

If any charge for required insurance is returned to the Note Holder, it may be credited to my loan amount or used to buy similar insurance or insurance which covers only the Note Holder's interest in the property securing this loan. Any refund on optional insurance obtained by the Note Holder will be credited to my loan amount. Credits to my loan amount will be applied as partial payments.

## 5. LOAN CHARGES AND FEES

If a law, which applies to this loan and which sets maximum interest, loan charges or fees, is finally interpreted so that the interest, loan charges or fees collected or to be collected in connection with this loan exceed the permitted limits or a determination is made at any time by the Note Holder that interest, loan charges or fees collected or to be collected in connection with this loan exceed the permitted limit, then: (i) any such interest, loan charges or fees shall be reduced by the amount necessary to reduce the interest, loan charges or fees to the permitted limit; and (ii) any sums already collected from me which exceed permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge For Overdue Payments

If the Note Holder has not received the full amount of any of my monthly payments by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.00 % of the unpaid amount of my overdue payment of principal and interest; however, the charge will never be less than $10 nor greater than $100. I will pay this late charge promptly but only once on each late payment.

### (B) Returned Check Charge

In the event that a check, negotiable order of withdrawal, share draft or other instrument used to make any payment required by this Note is returned unpaid, I agree to pay you a check collection charge of $ 26.00 for your additional costs incurred in processing such check. This charge will be required whether or not the returned check causes my payment to be late.

### (C) Default

If I do not pay the full amount of each monthly payment on the date it is due I will be in default.

### (D) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least thirty (30) days after the date on which the notice is delivered to me or is deposited in the United States mail, postage prepaid, and addressed to me at my last known address as shown on the records of the Note Holder.

### (E) No Waiver by Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will have the right to do so if I am in default at a later time.

### (F) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees of not greater than 15% of the unpaid debt after default and referral of the note to an attorney who is not a salaried employee of the Note Holder.

AL0188NC  12/98                                                                      Page 1 of 2

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address. Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3 above or at a different address if I am given a notice of that different address.

**8. RESPONSIBILITY OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety, or endorser of this Note, is also obligated to keep all the promises made in this Note. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. THIS NOTE SECURED BY REAL PROPERTY**

In addition to the protections given to the Note Holder under this Note, a Mortgage, Trust Deed, or Deed to Secure Debt ("Security Instrument") dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or an Interest therein is sold or transferred by Borrower (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**11. APPLICABLE LAW**

This Note shall be governed by the laws of the State of Alabama and any applicable federal laws, including federal laws which may preempt portions of state law relating to loan terms, interest rates, and fees. In the event of a conflict between any provision of this Note and applicable law, the applicable law shall control to the extent of such conflict and the conflicting provisions contained in this Note shall be modified to the extent necessary to comply with applicable law. All other provisions of this note will remain fully effective and enforceable.

**12. NO TAX ADVICE**

I agree that it is my responsibility to determine any and all aspects of federal tax considerations related to interest deductibility for my loan. Lender has not provided any tax advice to me.

If the proceeds of this loan are applied in whole or in substantial part to a purchase of goods or services from a seller who referred the Borrower to the Lender and the goods or services are purchased for personal, family or household use, then the following notice is applicable:

**NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**Caution-it is important that you thoroughly
read the contract before you sign it.**

_Rosemary C. Flee_
Borrower

_____
Borrower

_____
Borrower

# Exhibit D

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

2008 FEB 14  PM 3: 29

| | |
|---|---|
| ROSE C. RILEY,  PRO SE | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) **CIVIL ACTION NO.** |
| | )   **CV-2007-001937** |
| | ) |
| NATIONSCREDIT FINANACIAL | ) |
| SERVICES CORPORATION; | ) |
| FAIRBANKS CAPITAL | ) |
| CORPORATION; | ) |
| and Fictitious Defendants A, whether | ) |
| B and C, singular or plural, those | ) |
| other persons, corporations, firms or | ) |
| other entities whose wrongful | ) |
| conduct caused the injuries and | ) |
| damages to the Plaintiff, all of whose | ) |
| true and correct names are unknown | ) |
| to the Plaintiff at this time but will be | ) |
| substituted by amendment when | ) |
| ascertained, | ) |
|       Defendants. | ) |

**PLAINTIFF'S RESPONSE TO NATIONSCREDIT FINANCIAL
SERVICES CORPORATION ("NATIONSCREDIT") FIRST INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

      **COMES NOW, ROSE C. RILEY** and hereby responds to the Defendants' First
Interrogatories and Request for Production as follows:

<u>**REQUESTS FOR ADMISSION**</u>

**ANSWER: 1.**   I admit that the total amount of damages in this lawsuit exceeds the sum or value
          of $75,000.

**ANSWER: 2.**   I admit that I am seeking damages from "NationsCredit" and "Fairbanks" in
          excess of $75,000.

<u>**INTERROGATORIES**</u>

**ANSWER:1.**   Plaintiff will provide this information pursuant to the Court's Scheduling Order.

**ANSWER:2.**   (a) The injuries suffered are physical, mental and economic.

(b) The damages sought are compensatory and punitive.

(c) Plaintiff will provide this information pursuant to the Court's Scheduling Order.

(d) Plaintiff will provide this information pursuant to the Court's Scheduling Order.

(e) Plaintiff will provide this information pursuant to the Court's Scheduling Order.

**ANSWER 3:**  As to this part, Plaintiff objects on the grounds the complaint does not enumerate a specific monetary amount of damage.

## **REQUEST FOR PRODUCTION**

**ANSWER 1:** Plaintiff will provide copies of documents to be offered at trial Pursuant to the Court's Scheduling Order.

Dated: February 12, 2008

Montgomery, Alabama

Respectfully submitted,

Rose C. Riley, Pro Se
901 Brookland Curve
Montgomery, Alabama  36117
(334) 273-9119

ROSE C. RILEY

901 Brookland Curve

Montgomery, Alabama  36117

(334) 273-9119


## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing by U.S. Mail, addressed

as follows:

Ms. Kimberly W. Geisler, Esq.
SCOTT DUKES & GEISLER, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
(205) 251-2300


John David Collins, Esq.
MAYNARD, COOPER & GALE, P.C.
AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

DONE this the 12th day of February, 2008

Rose C. Riley, Pro Se

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602003993
Cashier ID: christin
Transaction Date: 02/22/2008
Payer Name: MAYNARD COOPER AND GALE
-----------------------------------
CIVIL FILING FEE
 For: MAYNARD COOPER AND GALE
 Case/Party: D-ALM-2-08-CV-000132-001
 Amount:        $350.00
-----------------------------------
CHECK
 Remitter: MAYNARD COOPER AND GALE PC
 Check/Money Order Num: 1083414
 Amt Tendered:  $350.00
-----------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:    $0.00

DALM208CV000132-T

ROSE RILEY V NATIONSCREDIT FIN SVCS
```