**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **ROSEMARY C. RILEY,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| | ) |
| **v.** | ) **CASE NO: 2:08-cv-00132-MHT-CSC** |
| | ) |
| **NATIONSCREDIT FINANCIAL SERVICES** | ) |
| **CORPORATION, ET AL.** | ) |
| | ) |
|     **Defendant.** | ) |

**<u>SELECT PORTFOLIO SERVICING, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT</u>**
**<u>AND COUNTERCLAIM FOR DECLARATORY JUDGMENT</u>**

<u>**ANSWER**</u>

COMES NOW, Defendant Select Portfolio Servicing, Inc. (formally known as Fairbanks Capital Corp. and hereinafter referred to as "SPS"), and files this Answer to Plaintiff's Complaint. Unless expressly admitted herein, SPS denies the material allegations of the Complaint and demands strict proof thereof. SPS responds to the numbered allegations of the Complaint as follows:

**I.      PARTIES, JURISDICTION AND VENUE**

1.      Admitted.

2.      SPS is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations of this paragraph directed toward a defendant other than itself.

3.      SPS admits that it is a Utah corporation with its principal place of business in Salt Lake City.

01612005.1

4.    Defendant is without information sufficient to admit or deny the allegations in this paragraph directed toward fictitious parties, and therefore denies same, demanding strict proof thereof.

## II.    STATEMENT OF THE FACTS

5.    Admitted.

6.    The allegations of this paragraph do not assert facts and claims relating to SPS and do not appear to require a response from this defendant.  To the extent that the allegations suggest, explicitly or implicitly, that SPS has taken any action that would impose liability on SPS, those allegations are specifically denied.

7.    The allegations of this paragraph do not assert facts and claims relating to SPS and do not appear to require a response from this defendant.  To the extent that the allegations suggest, explicitly or implicitly, that SPS has taken any action that would impose liability on SPS, those allegations are specifically denied.

8.    The allegations of this paragraph do not assert facts and claims relating to SPS and do not appear to require a response from this defendant.  To the extent that the allegations suggest, explicitly or implicitly, that SPS has taken any action that would impose liability on SPS, those allegations are specifically denied.

9.    SPS denies the allegations of this paragraph and demands strict proof thereof.

10.    SPS denies the allegations of this paragraph and demands strict proof thereof.

11.    SPS denies the allegations of this paragraph and demands strict proof thereof.

12.    SPS admits that plaintiff's property was properly scheduled to be sold at foreclosure on December 11, 2007, but states that the foreclosure  sale was stayed upon the

commencement of this lawsuit.  SPS denies the remaining allegations of this paragraph and demands strict proof thereof.

## COUNT ONE

13.    SPS adopts and incorporates its responses in paragraphs 1-12 as if fully set forth herein and further asserts its affirmative defenses in response hereto.

14.    The allegations of this paragraph do not assert facts and claims relating to SPS and do not appear to require a response from this defendant.  To the extent that the allegations suggest, explicitly or implicitly, that SPS has taken any action that would impose liability on SPS, those allegations are specifically denied.

15.    SPS denies the allegations of this paragraph and demands strict proof thereof.

16.    SPS denies the allegations of this paragraph and demands strict proof thereof.

17.    SPS denies the allegations of this paragraph and demands strict proof thereof.  In further response, SPS denies that plaintiff is due the relief sought or any relief whatsoever.

In response to the unnumbered WHEREFORE clause following paragraph 17 of the Complaint, SPS denies that Plaintiff is due the relief sought or any relief whatsoever.

## COUNT TWO

18.    SPS adopts and incorporates its responses in paragraphs 1-17 as if fully set forth herein and further asserts its affirmative defenses in response hereto.

19.    SPS denies the allegations of this paragraph and demands strict proof thereof.

20.    SPS denies the allegations of this paragraph and demands strict proof thereof.

21.    SPS denies the allegations of this paragraph and demands strict proof thereof.

In response to the unnumbered WHEREFORE clause following paragraph 21 of the Complaint, SPS denies that Plaintiff is due the relief sought or any relief whatsoever.

## COUNT THREE

22.    SPS adopts and incorporates its responses in paragraphs 1-21 as if fully set forth herein and further asserts is affirmative defenses in response hereto.

23.    SPS denies the allegations of this paragraph and demands strict proof thereof.

In response to the unnumbered WHEREFORE clause following paragraph 23 of the Complaint, SPS denies that Plaintiff is due the relief sought or any relief whatsoever.

## COUNT FOUR

24.    SPS adopts and incorporates its responses in paragraphs 1-23 as if fully set forth herein and further asserts its affirmative defenses in response hereto.

25.    SPS denies the allegations of this paragraph and demands strict proof thereof.

In response to the unnumbered WHEREFORE clause following paragraph 25 of the Complaint, SPS denies that Plaintiff is due the relief sought or any relief whatsoever.

## PRAYER FOR RELIEF

In response to plaintiff's "Prayer for Relief," SPS denies that plaintiff is due the relief sought or any relief whatsoever.    SPS further states that plaintiff's Complaint is due to be dismissed.

## ADDITIONAL DEFENSES

### First Defense

Plaintiff's Complaint, and each and every count thereof, fails to state a claim upon which relief can be granted.

### Second Defense

The claims asserted in Complaint are barred by the Plaintiff's prior bankruptcy proceedings based upon the doctrines of res judicata, judicial estoppel, 11 U.S.C. § 1327(a),

waiver, equitable estoppel, and release.  Moreover, as a result of those prior proceedings, the Plaintiff who went through those bankruptcy proceedings is not the real party in interest and lacks standing to pursue the cause of action.

### Third Defense

SPS denies the material allegations of the Complaint and demands strict proof thereof.

### Fourth Defense

SPS pleads the applicability of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, to any and all claims made against SPS that fall within any arbitration provision contained in any applicable contract or agreement.  This Answer is filed without waiving, and specifically reserving, the right to arbitrate any claims covered by an arbitration provision.

### Fifth Defense

Plaintiff has suffered no damages as a result of the matters alleged in the Complaint.

### Sixth Defense

Plaintiff has not been legally harmed in any way by any action or inaction of Defendant.

### Seventh Defense

All or part of Plaintiff's alleged damages were not proximately caused by any alleged acts or omissions properly attributable to Defendant.

### Eighth Defense

Any damages allegedly sustained by Plaintiff was caused, in whole or in part, by Plaintiff's own negligence, failure to perform adequate due diligence, or other intervening or

supervening causes over which Defendant had no control and which cannot be the basis for any liability of Defendant.

### Ninth Defense

Defendant did not accidentally, negligently, recklessly or intentionally mislead, or make any misrepresentation, or fail to make any disclosure that it was obligated to make.

### Tenth Defense

Plaintiff did not rely or reasonably rely on any representations made to her by Defendant.

### Eleventh Defense

Plaintiff has failed to state the circumstances of fraud with the specificity required by Fed. R. Civ. P. 9(b).

### Twelfth Defense

Defendant acted in good faith at all times, and did not accidentally, negligently, recklessly, knowingly or willfully commit any act or directly or indirectly induce any act that created any liability to Plaintiff.

### Thirteenth Defense

Defendant acted in good faith and in reliance on information furnished by others at all times relevant to this action.

### Fourteenth Defense

The injury to Plaintiff, if any, was caused by the conduct of others over whom Defendant had no control and/or for whose acts or omissions Defendant is not liable.

### Fifteenth Defense

Plaintiff's claims are barred by an assumption of the risk.

## Sixteenth Defense

SPS avers that Plaintiff's claims against it are barred by the doctrines of contributory negligence, release and/or estoppel.

## Seventeenth Defense

Plaintiff's claims are barred, in whole or in part, by her failure to timely make mortgage payments in accordance with her contractual obligations.

## Eighteenth Defense

Plaintiff's claims are barred by unclean hands and a failure to do equity.

## Nineteenth Defense

Plaintiff's claims are barred by the doctrine of merger.

## Twentieth Defense

Plaintiff's claims are barred, in whole or in part, by the parole evidence rule.

## Twenty-First Defense

Plaintiff's claims are barred by the doctrines of accord and satisfaction, payment and ratification.

## Twenty-Second Defense

Plaintiff's claims are barred by the doctrine of failure of consideration.

## Twenty-Third Defense

Plaintiff's claims are barred by the doctrine of laches.

## Twenty-Fourth Defense

Plaintiff's claims are barred by the doctrine of waiver.

## Twenty-Fifth Defense

All of SPS' actions were lawful and justified.

**Twenty-Sixth Defense**

SPS avers that Plaintiff's claims against it are barred by the applicable statute of limitations, statute of frauds, res judicata, collateral estoppel, lack of standing, failure to read, release, novation and/or estoppel.

**Twenty-Seventh Defense**

SPS asserts the affirmative defense of set-off.

**Twenty-Eighth Defense**

SPS denies that the venue of this Court is appropriate.

**Twenty-Ninth Defense**

This Court is an inappropriate and/or inconvenient forum/venue for disposition of this matter.

**Thirtieth Defense**

To the extent Plaintiff seeks to recover them from SPS, Plaintiff cannot recover damages for alleged mental anguish or emotional distress because Plaintiff cannot allege or prove that Plaintiff has sustained a physical injury as a result of SPS's alleged conduct or that Plaintiff was placed in immediate risk of physical harm by that conduct.

**Thirty-First Defense**

To the extent Plaintiff seeks to recover damages for alleged mental pain and suffering from SPS, the rules of evidence as applied by the Alabama courts permit the admission of evidence of alleged mental pain and suffering in such a way as to violate the Due Process Clause of the United States Constitution and similar provisions of the Alabama Constitution.

**Thirty-Second Defense**

To the extent she seeks to do so from SPS, Plaintiff cannot recover for mental pain and suffering, emotional distress or similar damages, if any, because there is no physical manifestation of the alleged mental anguish and there is no fixed, objective and/or clear and consistent standard under Alabama law for ascertaining the amount thereof, such that any award of said damages against SPS would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 of the Alabama Constitution, which prohibit deprivation of life, liberty or property except by due process of law.

**Thirty-Third Defense**

To the extent Plaintiff seeks mental anguish damages fom SPS, a jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to SPS by the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

**Thirty-Fourth Defense**

To the extent Plaintiff seeks to recover punitive damages from SPS, SPS denies that it has been guilty of any conduct that warrants the issue of punitive damages being submitted to a jury or allows Plaintiff to recover punitive damages.

**Thirty-Fifth Defense**

To the extent Plaintiff seeks to recover punitive damages from SPS, SPS cannot be held liable for punitive damages for intentional wrongful conduct or conduct involving malice

based upon acts or omissions of any agent, employee or servant pursuant to Ala. Code § 6-11-27 (1993).

## Thirty-Sixth Defense

To the extent Plaintiff seeks to recover punitive damages from SPS, old Ala. Code § 6-11-21 bars Plaintiff's claims for punitive damages to the extent that it exceeds the amount of $250,000.00, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state. The Alabama Supreme court acted beyond its scope of authority and violated the separation of powers clause of the United States Constitution and/or the Alabama Constitution in striking down this legislative mandate, and therefore, its action was unconstitutional and without effect. Allowing an award in excess of this legislative cap directly contravenes the express public policy of the State of Alabama.

## Thirty-Seventh Defense

To the extent Plaintiff seeks to recover punitive damages from SPS, new Ala. Code § 6-11-21 bars Plaintiff's claims for punitive damages to the extent that those claims exceed the greater of three times Plaintiff's compensatory damages or $500,000, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state. The public policy of this State, as established by Ala. Code § 6-11-21 limits the claims for punitive damages in this case. Allowing an award in excess of this legislative cap directly contravenes the express public policy of the State of Alabama.

**Thirty-Eighth Defense**

To the extent Plaintiff seeks to recover punitive damages from SPS, Plaintiff's claims for punitive damages cannot be sustained because an award of punitive damages under Alabama law would violate SPS's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

**Thirty-Ninth Defense**

To the extent Plaintiff seeks to recover punitive damages from SPS, Plaintiff's claims for punitive damages cannot be sustained, because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness or the appropriate amount of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate SPS's substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection and the guarantee against double jeopardy.

## Fortieth Defense

To the extent Plaintiff seeks to recover punitive damages from SPS, Plaintiff's claims for punitive damages cannot be sustained because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate SPS's substantive and procedural due process rights under the due process provisions of the Alabama Constitution.

## Forty-First Defense

To the extent Plaintiff seeks to recover punitive damages from SPS, any award of punitive damages based on anything other than SPS's conduct in connection with the matters that are the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and the Alabama constitutional provisions providing for due process and the guarantee against double jeopardy, because such an award in this case would not prevent SPS from being subject to other judgments awarded with the goal of punishing SPS for the same wrong.  In effect, SPS would receive multiple punishments for the same wrong.

## Forty-Second Defense

To the extent Plaintiff seeks to recover punitive damages from SPS, any award of punitive damages in this case would violate SPS' rights under the substantive and procedural Due Process Clause of the United States Constitution and corresponding provisions of the Constitution of the State of Alabama, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, the contract clause of Article Two of the United States Constitution, and the Equal Protection Clause of the United States Constitution and corresponding provisions of the Constitution of the State of Alabama.

### Forty-Third Defense

To the extent Plaintiff seeks to recover punitive damages from SPS, the Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. While the Supreme Court of the United States perceived the system as constitutional in Pacific Mutual Life Insurance Co. v. Haslip, 499 U.S. 1 (1991), events subsequent to Haslip have shown that the system is wholly arbitrary, fundamentally unfair and utterly irrational in violation of due process. See Armstrong v. Roger's Outdoor Sports, Inc. 581 So. 2d 414,423 (Ala. 1991) (Maddox, J., dissenting); Henderson v Alabama Power Co., 627 So. 2d 878, 894-95 (Ala. 1993) (Maddox, J., dissenting); Id. at 914 (Houston, J., dissenting). The Alabama system affords juries standardless discretion to impose unlimited punishment and review of such awards is constitutionally deficient. See Honda Motor Co., Ltd. v. Oberg, 114 S. Ct. 2331 (1994). Alabama post-verdict review is neither meaningful, consistent, nor constitutionally adequate to cure this crucial constitutional defect.

### Forty-Fourth Defense

To the extent Plaintiff seeks to recover punitive damages from SPS, the Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards or limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of pre-existing, express range of penalties established by the legislature.

### Forty-Fifth Defense

To the extent Plaintiff seeks to recover punitive damages from SPS, the imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is highly unfair and constitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. A punitive damage award in the absence of such guidelines or standards will bear no rational or reasonable relationship to SPS' alleged conduct in this matter or to any alleged harm to Plaintiff and will dwarf legislatively established fines for comparable conduct. A punitive damage award in the absence of such guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause of the Alabama Constitution, Ala. Const. Art. I, § 15.

### Forty-Sixth Defense

To the extent Plaintiff seeks to recover punitive damages from SPS, without the protections of Ala. Code §§ 6-11-23(a) and 6-11-24 regarding punitive damage awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to a defendant sufficient protection under the United States Constitution from excessive and arbitrary punitive damage awards.

### Forty-Seventh Defense

To the extent Plaintiff seeks to recover punitive damages from SPS, a punitive damage award in this case will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Commerce Clause, the Equal Protection Clause and the Privileges and Immunities Clause because the award would be based upon an Alabama state

enforced policy that unconstitutionally discriminates against a defendant in punitive damages cases based upon SPS's status as a large, out-of-state, corporate entity.

### Forty-Eight Defense

To the extent Plaintiff seeks to recover punitive damages from SPS, the imposition of punitive damages in this case based upon theories of respondeat superior, agency, vicarious liability or joint and several liability violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### Forty-Ninth Defense

To the extent Plaintiff seeks to recover punitive damages from SPS, Plaintiff's claim for punitive damages against SPS cannot be sustained, because any such award of damages under Alabama law exceeding the limits authorized by the Alabama Criminal Code would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution, the Eighth Amendment as incorporated in the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

### Fiftieth Defense

To the extent Plaintiff seeks to recover punitive damages from SPS, any award of punitive damages based on anything other than SPS's conduct, if any, in connection with the sale of the specific services that are the subject of this case, as opposed to conduct outside the State of Alabama, would violate the Due Process and Equal Protection Clauses of the United States Constitution and the Alabama Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and the guarantee against double jeopardy, because any

judgment for damages in this case cannot protect SPS against impermissible multiple punishment for the same wrong.  See Gore v. BMW of North America, Inc., 116 S.Ct. 1509 (1996).

### Fifty-First Defense

SPS denies that it or any of its agents owed or breached any duty or obligation allegedly owed to Plaintiff.

### Fifty-Second Defense

SPS is not guilty of the matters and things alleged in the Complaint.

### Fifty-Third Defense

SPS owed no affirmative legal obligation to specifically inform Plaintiff of the things and matters alleged in the Complaint.

### Fifty-Fourth Defense

Plaintiff has failed to mitigate her allegedly incurred injury and damages.

### Fifty-Fifth Defense

Plaintiff's alleged losses are subject to and barred by all of the terms and conditions of the mortgage agreement made the basis of this lawsuit.

### Fifty-Sixth Defense

Plaintiff's claims for unjust enrichment are barred by the existence of a written contract.

### Fifty-Seventh Defense

Some or all of the claims asserted in the Complaint are barred because they are the subject of a prior pending action.

### Fifty-Eighth Defense

Plaintiff's claims must fail because all or parts of the state law claims alleged in the Complaint are preempted by applicable federal law.

**Fifty-Ninth Defense**

Plaintiff signed loan documents that fully informed her of all material facts bearing on her loan transaction; thus, Defendant cannot be found liable for any alleged misrepresentations or suppressions arising from those transactions.

**Sixtieth Defense**

Plaintiff's claims are precluded because they are members of an alleged class action filed prior to this matter. Thus, their claims must pursued in those cases.

**Sixty-First Defense**

Plaintiff lacks standing to bring this suit and to assert the claims herein.

**Sixty-Second Defense**

Plaintiff's claims are barred by her prior breach of contract.

**Sixty-Third Defense**

All of Plaintiff's state law claims are preempted by 15 U.S.C. § 1681h(e), and Defendant is entitled to qualified immunity pursuant to that same section of the Fair Credit Reporting Act. *See* 15 U.S.C. §1681h(e); *Stevenson v. TRW, Inc.*, 987 F.2d 288, 293 (5th Cir. 1993); *see also Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918, 931 (N.D. Ill. 2000).

**Sixty-Fourth Defense**

Plaintiff's claims are preempted and/or barred by 15 U.S.C. § 1681 *et seq.*

**Sixty-Fifth Defense**

Plaintiff's claims are preempted or otherwise barred by 15 U.S.C. § 1692 *et seq.*

## Reservation of Defenses

SPS respectfully reserves the right to assert other defenses, objections and claims as discovery progresses or when it otherwise becomes appropriate during the course of this civil action.

## COUNTERCLAIM

Comes Now, Select Portfolio Servicing, Inc. ("SPS"), Defendant/Counterclaimant in the above-style case, and for its Counterclaim against Plaintiff Rosemary C. Riley, says as follows:

### The Parties

1.     SPS is a Utah corporation engaged in the business of servicing residential mortgage loans held by third-parties.

2.     Plaintiff is a resident of Montgomery, Alabama and her mortgage loan is currently being serviced by SPS.

3.     Jurisdiction exists over this action under 28 U.S.C. § 1332 as complete diversity exists among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  This Court also has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367.

### Factual Background

4.     Plaintiff obtained a Loan in the original principal amount of $98,957.00  from Nations Credit Financial Services Corporation ("NationsCredit") on or about October 20, 1999.

5.     The Loan is secured by a Mortgage executed by Plaintiff in favor of NationsCredit.

6.     On April 1, 2002, the servicing rights to Plaintiff's Loan transferred from NationsCredit to SPS.

7.    Plaintiff has filed multiple lawsuits in order to frustrate SPS' efforts to exercise the lender's rights under the Note and Mortgage. As of February 21, 2008, Plaintiff's loan was 55 months delinquent, being due for her July 25, 2003 payment.

8.    SPS will be filing a motion for summary judgment and supporting brief demonstrating that Plaintiff's claims are without merit and due to be dismissed. However, the entry of a judgment dismissing Plaintiff's present claims, as a practical matter, may not stop Plaintiff's efforts to retain possession of the property notwithstanding her failure to comply with the note and mortgage.

## Declaratory Judgment

9.    In order to make certain that all issues between the parties are fully resolved, and to make certain that the rights of the parties to one another and the property are fixed and beyond further challenge, SPS asks the Court to enter a declaratory judgment setting these rights and relations with specificity. Specifically, SPS asks the Court to declare that:

   (a)    Plaintiff has defaulted on her obligations under note and mortgage;

   (b)    As a result of Plaintiff's default, SPS is entitled to exercise all remedies available under the note and mortgage, including but not limited to the right to invoke the power of sale.

10.    The Court's power to grant declaratory relief is broad. *See* 28 U.S.C. § 2201 ("any court of the United States, upon the filing on appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."). Use of this power, though discretionary, is encouraged to "help[ ] avoid a multiplicity of actions by affording an adequate, expedient, and inexpensive means for declaring in one action the rights and obligations of litigants." Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 2751, p. 458 (1998)(citing *Smith v. Transit. Cas. Co.*, 281

F. Supp. 661, 670 (D. Tex. 1968), affirmed, 401 F.2d 210 (5th Circuit 1969)).  As a result, "[t]he Declaratory Judgment Act and Rule 57 must be liberally construed to attain the objectives of the declaratory remedy."  *Id*. at § 2753, p. 462 )citing *McDougald v. Jenson*, 786 F.2d 1465, 1481 (11th Cir. 1986)).

WHEREFORE, there being an actual controversy between the parties and a justiciable dispute as to the legal rights and obligations of the parties, SPS respectfully requests entry of a Declaratory Judgment holding that:

(a)     Plaintiff has defaulted on her obligations under note and mortgage;

(b)     As a result of plaintiff's default, SPS is entitled to exercise all remedies available under the note and mortgage, including but not limited to the right to invoke the power of sale.

In accordance with 28 U.S.C. § 2202, SPS further requests that the Court grant all other necessary and proper relief as may be required in this case.

Respectfully submitted,

/s/ John David Collins
Thomas W. Thagard III
John David Collins
Attorneys for Defendant
Select Portfolio Servicing, Inc.

**OF COUNSEL:**

MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Telephone:  205-254-1000
Facsimile:  205-254-1999

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that on March 14, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  **John W. Scott and Kimberly W. Geisler.**  Furthermore, I hereby certify that I have mailed by United States Postal Service, first-class postage prepaid, the foregoing to the following non-CM/ECF participant:

       Rosemary C. Riley, Pro Se
       901 Brookland Curve
       Montgomery, Alabama 36117
       (334) 273-9119

                   /s/ John David Collins_____
                   OF COUNSEL