IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROSEMARY C. RILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:08cv132-MHT |
| | ) |
| NATIONSCREDIT FINANCIAL | ) |
| SERVICES CORPORATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case was removed to this Court from the Circuit Court of Montgomery County, on 22 February 2008. (Doc. #1). Motions to Dismiss filed in state court by Defendants Nationscredit Financial Services Corporation (Nationscredit) and Select Portfolio Servicing Inc.[1] (Select Portfolio) were removed with the case. On 29 February 2008, this case was referred to Magistrate Judge Charles S. Coody (Judge Coody) for recommendation on all pre-trial matters. (Doc. #5). On 4 March 2008, Judge Coody ordered Plaintiff Rosemary C. Riley (Riley) to show cause as to why the Motions to Dismiss should not be granted. (Doc. #6). On 14 March 2008, Select Portfolio moved to withdraw (Doc. #7) its Motion to Dismiss (Doc. #1-4). The District Court granted the Motion to Withdraw (Doc. #11).

Nationscredit's Motion to Dismiss is based on allegations of insufficiency of

---

[1] Formerly known as Fairbanks Capital Corporation.

service and failure to state a claim upon which relief may be granted. Both grounds for dismissal rely on specific facts alleged by Nationscredit.[2] Riley's compliance with Judge Coody's Order was necessary for disposition of the Motion and the continuance of Riley's case. On 18 March 2008, Riley filed a Response (Doc. #12). Rather than show cause as to why the motion should not be granted. (Doc. #6), Riley filed what amounts to an objection to Judge Coody's Order. Riley claims:

> The Honorable District Judge Charles S. Coody's Orders and Judicial Actions on March 4, 2008 are in violation of the Law and Judicial Article of the United States Constitution. Judge Coody lacked binding and enforceable jurisdiction.

(Doc. #12). Riley's Response also contained various other unrelated allegations, including her belief that these judicial proceedings must be in error, because Judge Coody's Order was docketed the same day the Montgomery County Circuit Court made its docket annotations regarding the removal of this case to federal court. *Id*. Thus, Riley disregarded Judge Coody's Order and failed to show cause why the Motion to Dismiss should not be granted.

On 19 March 2008, Judge Coody ordered the case reassigned upon discovering he had previously "acted as the mediator in *Riley v. Fairbanks Capital Corporation*, 2:04-cv-00797-WKW (M.D. Ala.), a case involving the same facts and in which the second amended complaint raises claims which appear to be identical to the claims raised in this

---

[2] Nationscredit's assertion that Riley has failed to state a claim upon which relief can be granted, includes allegations that some of Riley's claims are barred by the statute of limitations.

case." (Doc. #13). On the same day, the case was reassigned to the undersigned. In an Order dated 9 April 2008, the undersigned noted Riley's failure to comply and again ordered her to show cause as to why the Motion to Dismiss should not be granted. (Doc. #14). Riley failed to comply with my Order of 9 April 2008.

In an Order dated 28 April 2008, the undersigned reminded Riley of her non-compliance and again ordered her to show cause as to why the Motion to Dismiss should not be granted. The Court also warned Riley if she "fails to comply with this Court's Order, the Court will recommend her case be dismissed for want of prosecution and failure to comply with the orders of the Court." (Doc. #17). On the same day, Riley filed a Motion for Stay of Proceedings, because "[t]he Defendants had no authority to move the case without the Plaintiff's permission and the Plaintiff seeks equal protection under the rules and law of Civil Procedure." (Doc. #18). It is clear from the timing of the Motion for Stay Riley did not file the Motion in an attempt to comply with the undersigned's Order. Riley failed to file any response to the Motion to Dismiss and thus disregarded my Order of 28 April 2008.

On 16 May 2008, Select Portfolio filed a Motion for Summary Judgment (Doc. #20). On 21 May 2008, the undersigned ordered Riley to show cause as to why the Motion for Summary Judgment should not be granted. (Doc. #23). Riley failed to comply with the Court's Order of 21 May 2008.

It appears Riley is under the mistaken belief that because she is not happy this case

3

was removed to federal court, she is not under any obligation to comply with the Court's Orders.  Riley has, to date, failed to comply with four Orders of the Court (Docs. #6, 14, 17, 23).[3]  So far, Riley's only response to any of the Court's Orders was an objection to the Court issuing orders.  (Doc. #12).  It is clear that no manner of warning will induce Riley to prosecute this action.

The Court has reviewed this case to determine whether a less drastic measure than dismissal is appropriate.  After such a review, the undersigned finds dismissal without prejudice is proper.  Riley's clear pattern of failing to comply with the Court's Orders evidences not only an abandonment of her claim, but a lack of deference for this Court and its authority.  The Court is satisfied Riley has no intention of following the Court's Orders or any future Orders and therefore dismissal is warranted.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice.  The Magistrate Judge further RECOMMENDS Nationscredit's Motion to Dismiss (Doc. #1-2) and Supplement (Doc. 15), Riley's Motion to Stay (Doc. #18), and Select Portfolio's Motion for Summary Judgment (Doc. #20), be DENIED as MOOT.  It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **7 July  2008**.  Any objections filed must specifically

---

[3] The Court also notes Riley has ignored the clerk's office repeated requests she comply with Federal Rule of Civil Procedure 7.1 and this Court's General Order Miscellaneous Case No. 00-3047, which require parties to file their Corporate/Conflict Disclosure Statement. (Docs. #16, 22 & 24).

identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 24th day of June, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE