# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| ROSEMARY C. RILEY,            )<br>                              )<br>    Plaintiff,                 )<br>                              )<br>v.                            )<br>                              )<br>NATIONSCREDIT FINANCIAL      )<br>SERVICES CORPORATION;         )<br>FAIRBANKS CAPITAL             )<br>CORPORATION;,                 )<br>                              )<br>    Defendants.               ) | CIVIL ACTION NO.<br>2:08-cv-132-MHT-WC |

### DEFENDANT NATIONSCREDIT FINANCIAL
### SERVICE CORPORATION'S OBJECTION TO REPORT
### AND RECOMMENDATION OF THE MAGISTRATE JUDGE

COMES NOW Defendant NationsCredit Financial Services Corporation ("NationsCredit") and respectfully objects to the Report and Recommendation of the Magistrate Judge in this action dismissing the claims against NationsCredit *without prejudice* to the extent that the claims should be dismissed with prejudice.

### INTRODUCTION

NationsCredit is admittedly in the unusual position of objecting to the Magistrate Judge's Report and Recommendation of dismissal of the claims against it in this action. However, given the history of this case and Plaintiff's proclivity towards litigation, a dismissal without prejudice essentially gives Plaintiff what she

wants – a way out of federal court – and will likely put the parties right back before this Court several months down the road addressing these very same issues.

Plaintiff initially filed this action in the Circuit Court of Montgomery County, Alabama. While there was diversity of citizenship between Riley, on the one hand, and defendants NationsCredit and Select Portfolio Servicing, Inc. ("SPS"[1]), on the other, Plaintiff did not specify in her Complaint the amount of damages she was seeking. At that point, the case could not be removed under the dictates of *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007). In response to the Complaint, NationsCredit filed a Motion to Dismiss in state court. NationsCredit also served discovery on Plaintiff seeking information quantifying the damages sought. *See* Notice of Removal, pp. 4-7 (Doc. 1).

Based upon Plaintiff's responses to the discovery, NationsCredit and SPS removed the case to this Court, where it was initially assigned to Magistrate Judge Coody. Because Magistrate Judge Coody had served as a mediator in prior litigation between Plaintiff and SPS, he recused himself and the case was assigned to Magistrate Judge Wallace Capel, Jr. (Doc. 13.)

Plaintiff was ordered, first by Magistrate Judge Coody, and then by Magistrate Judge Capel, to show cause why NationsCredit's Motion to Dismiss should not be

---

[1] Identified in the Complaint by its former name, Fairbanks Capital Corporation.

granted (Docs. 6, 14 & 17). Magistrate Judge Capel in fact ordered Plaintiff twice to show cause why the motion should not be granted. (Docs. 14 & 17). Magistrate Judge Capel also explicitly warned Plaintiff that if "she fails to comply with this Court's Order, the Court will recommend her case be dismissed for want of prosecution and failure to comply with the orders of the Court." (Doc. 17.) Despite these orders and warnings, Plaintiff never complied and never responded to the substance of the arguments made by NationsCredit in its Motion to Dismiss. Moreover, Plaintiff has failed to file her Corporate Disclosure/Conflict Statement and has been notified by the Clerk's office that continued failure to so may warrant sanctions by this Court. (Docs. 16 & 24.)

## ARGUMENT AND CITATION OF AUTHORITIES

The merits of NationsCredit's Motion to Dismiss, as well as Plaintiff's contumacious and continued failure to comply with the Court's orders, coupled with an almost certain re-filing of this case in state court, warrant dismissal of the claims with prejudice.

**1.    The Magistrate Judge Should Have Granted NationsCredit's Motion to Dismiss on the Merits.**

NationsCredit moved for a dismissal of the claims against it with prejudice on a number of substantive and procedural grounds (attached to Doc. 1). NationsCredit

subsequently supplemented its prior pending Motion to Dismiss (Doc. 15). Despite being ordered to respond to NationsCredit's motion through three show cause orders, Plaintiff never did. As such, NationsCredit's Motion to Dismiss was due to be granted on the merits. *See Hooper v. City of Montgomery*, No. 2:06CV612, 2007 WL 858411, *3 (M.D. Ala. Mar. 16, 2007) ("Hooper has not responded to Defendants' arguments concerning the dismissal of the state law claims in Counts III, IV and V, and, consequently, the court finds that Hooper has abandoned these claims.") (DeMent, Senior J.).

The problem, however, with a dismissal without prejudice is that it is likely the parties will simply be back before this Court in a few months or that Plaintiff, on her second try, will succeed in keeping the case in state court. Plaintiff has plainly indicated her preference for state court and objected, although without merit, to being in federal court (Doc. 12). NationsCredit and SPS, as foreign defendants, however, and exercising their rights as such to seek the protection offered by federal courts to such out-of-state defendants, properly removed this case to federal court. *See, e.g.*, *Martin v. Hunter's Lessee,* 14 U.S. (1 Wheat.) 304, 347 (1816) (Story, J.) ("The constitution has presumed (whether rightly or wrongly we do not inquire) that state attachments, state prejudices, state jealousies, and state interests, might some times obstruct, or control, or be supposed to obstruct or control, the regular administration

of justice."); 14B C. Wright, et al., *Federal Practice and Procedure* § 3721, at 289 (3rd ed. 1998) ("As seems to be true of the original diversity of citizenship jurisdiction of the federal courts, the right of removal probably was designed to protect nonresidents from the local prejudices of state courts.").

There is nothing that indicates that Plaintiff will not re-file this case. She has sued both NationsCredit and SPS several times now over a span of almost a decade. *Rose Riley v. NationsCredit Financial Services Corp., et al.*, Case No. CV-00-2931 (Circuit Court of Montgomery County, Ala.); *Rose Riley v. Fairbanks Capital Corp.*, Civil Action No. 2:04-cv-00797-WKW (M.D. Ala.); and *Rosemary C. Riley v. NationsCredit Financial Services Corp., et al.*, Civil Action No. 2:08-cv-132-MHT-WC (M.D. Ala.). Once the case had been re-filed in state court, NationsCredit will then again serve damages discovery on Plaintiff and then again remove the case once it has the proper paper in hand per the strictures of *Lowery*. NationsCredit will also once again file its Motion to Dismiss and this Court will once again be faced with the substance of NationsCredit's arguments. Judicial economy, sound judicial administration and substantial justice favor disposing of these claims on the merits on the record now before the Court.

**2.      The Magistrate Judge Should Have, Alternatively, Dismissed the Claims Under Rule 41 with Prejudice.**

Magistrate Judge Capel correctly dismissed this action under Rule 41, but without prejudice. Rule 41(b) expressly "authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Gratton v. Great American Communications,* 178 F.3d 1373, 1374 (11th Cir. 1999). As Judge Steele in the Southern District has recognized, "contumacious conduct warranting dismissal for failure to prosecute includes such activities as 'protracted foot-dragging,' 'defiance of court orders,' 'ignoring warnings,' and 'wasteful expenditure of the court's time.'" *Hudson v. Cardwell Corp.*, 2006 WL 2135791, *2 -3 (S.D. Ala. July 27, 2006) (Steele, J.) (dismissing complaint of *pro se* plaintiff for want of prosecution) (quoting *Chamorro v. Puerto Rican Cars, Inc.,* 304 F.3d 1, 4-5 (1st Cir. 2002)). Plaintiff's conduct in this case satisfies all of Judge Steele's examples of contumacious conduct warranting dismissal under Rule 41.

All litigants, even those proceeding *pro se*, must comply with litigation deadlines and court orders. *See, e.g.,* Local Rule 83.9(b) ("All litigants proceeding *pro se* shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil and Criminal Procedure, unless otherwise excused from operation of the rules by court order."); *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (a

*pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure").

In light of Plaintiff's repeated defiance and disregard for this Court's orders and warnings, dismissal *with prejudice* is warranted. *See, e.g., Hudson*, 2006 WL 2135791 at *3 ("Moreover, under the circumstances, the Court readily concludes that no less severe sanctions than dismissal are appropriate. Hudson having ignored multiple orders emanating from this District Court, there is no reason to believe that any further orders or directives would have a salutary effect or coax any positive modification of his conduct."). As set forth above, dismissal without prejudice will not serve the interests of judicial economy, efficient judicial administration or substantial justice.

WHEREFORE, PREMISES CONSIDERED, NationsCredit requests that upon de novo review of the Magistrate Judge's Report and Recommendation that this Court dismiss the claims against NationsCredit with prejudice.

               Respectfully submitted,

               /s/John W. Scott
                John W. Scott
                Kimberly W. Geisler
                Attorneys for Defendant
                NationsCredit Financial
                 Services Corporation

**OF COUNSEL:**
SCOTT DUKES & GEISLER, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
Telephone: (205) 251-2300
Telecopier: (205) 251-6773

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following by electronic filing with the CM/ECF system or by placing a copy of same in the United States mail, first class postage prepaid and addressed as follows:

Ms. Rose C. Riley
901 Brookland Curve
Montgomery, Alabama 36117

John David Collins, Esq.
Maynard Cooper & Gale, P.C.
AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

DONE this the 7th day of July, 2008

/s/John W. Scott
Of Counsel

44105.1