IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROSEMARY C. RILEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: 2:08-cv-00132-MHT-CSC |
| | ) |
| NATIONSCREDIT FINANCIAL SERVICES CORPORATION, et al. | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S
OBJECTION TO THE MAGISTRATE'S REPORT AND RECOMMENDATION**

Defendant/Counterclaim Plaintiff Select Portfolio Servicing, Inc. ("SPS"), pursuant to Fed. R. Civ. P. 72(b), respectfully appeals from and submits the following objections to United States Magistrate Judge Wallace Capel, Jr.'s Report and Recommendation of June 24, 2008 (Pacer Doc. No. 25) (the "Report") recommending the denial of SPS' Motion for Summary Judgment and the dismissal of this action without prejudice. SPS's specific objections to the Report, and the grounds for those objections, are set forth below:

**INTRODUCTION**

Plaintiff has not made a mortgage payment on the home in which she resides since June of 2003, and as a consequence, her mortgage loan is approximately $50,000 in arrears. In fact, Plaintiff has successfully avoided making her mortgage payments for this extend period of time by filing three separate lawsuits, including the instant lawsuit. On May 16, 2008, SPS filed a motion for summary judgment as to all claims asserted in this case, including its counterclaim.

1

In response, Plaintiff disregarded Judge Capel's briefing orders and failed to submit any arguments, authorities or evidence in opposition to SPS' well-support motion.

Judge Capel then properly concluded that Plaintiff's conduct evidenced "abandonment of her claim" and "lack of deference for this Court and its authority", and SPS takes no issue with this conclusion.  Report, p. 4.  SPS's only objection is to the relief proposed by Judge Capel who recommended that Plaintiff's lawsuit be dismissed <u>without prejudice</u>.  Although SPS fully concurs with Judge Capel's characterization of Plaintiff's conduct in this case, it respectfully disagrees with the proposed relief because a dismissal without prejudice will in actuality be a victory for Plaintiff.

As explained in further detail below, SPS and this Court have been embroiled in litigation with Plaintiff – based on the very same allegations and claims asserted in the instant lawsuit – since August of 2004.  If Plaintiff's claims are dismissed <u>without</u> prejudice, rather than finally resolved on the merits, Plaintiff will simply bring a <u>fourth</u> lawsuit relating to her mortgage loan and the very same parties, issues and arguments will be presented to this Court yet again.  Accordingly, SPS respectfully requests that this Court decline to adopt the relief ordered in the June 24, 2008 Report and instead enter an Order granting SPS' motion for summary judgment in all respects and dismissing Plaintiff's lawsuit <u>with prejudice</u>.

## BACKGROUND

This is the third lawsuit filed by Plaintiff alleging the very same errors and inaccuracies in connection with the origination and/or servicing of her home mortgage loan.  The first lawsuit ("*Riley I*"), filed in the Middle District of Alabama (CV-00-1677-ID-VPM) against NationsCredit Financial Services Corporation of Alabama ("NationsCredit"), was ultimately resolved by the parties through a settlement agreement which required, among other things,

material modifications to the promissory note securing the mortgage. While Plaintiff and NationsCredit were in the process of negotiating the settlement, NationsCredit transferred the servicing rights to Plaintiff's loan (along with thousands of other loans) to SPS.

The second lawsuit ("*Riley II*"), filed against SPS in the Middle District of Alabama (CV-04-797-WKW-SRW), asserted four state law claims (breach of contract, negligence, fraud and unjust enrichment) arising out of SPS's posting of monthly payments, assessment of fees and charges, and reporting to credit agencies during the first three or four months SPS serviced Plaintiff's mortgage loan. After completion of discovery, SPS moved for summary judgment as to all claims asserted in Plaintiff's Complaint. Magistrate Judge Susan Russ Walker entered a Report and Recommendation (Pacer Doc. No. 35) that SPS's motion for summary judgment be granted in all respects. District Judge W. Keith Watkins granted SPS's motion for summary judgment (Pacer Doc. No. 39) and, *Riley II* was dismissed with prejudice on February 9, 2006. (Pacer Doc. No. 40).

Plaintiff appealed the dismissal of *Riley II* to the Eleventh Circuit Court of Appeals. The Eleventh Circuit did not consider the merits of the Plaintiff's claims, instead ruling that the District Court lacked original jurisdiction over the case because Plaintiff had "abandoned" her federal claims during the early states of the litigation.[1] On the basis of lack of jurisdiction, the Eleventh Circuit ordered the case dismissed, and this Court complied, dismissing the case without prejudice.

Upon the dismissal of *Riley II* without prejudice, SPS again attempted to collect Plaintiff's delinquent mortgage payments and ultimately initiated foreclosure proceedings.

---

[1] The Eleventh Circuit reached this conclusion despite the fact that complete diversity of citizenship existed between the parties, the fact that Plaintiff claimed in her Complaint that her damages were "sufficient to invoke the minimum jurisdiction of the [federal] court," and the fact that the Plaintiff's Rule 26 initial disclosures claimed damages in excess of $150,000.

3

01661189.1

Without hesitation, Plaintiff filed this her third action ("*Riley III*") in Montgomery County Circuit Court. Defendants timely removed the lawsuit to this Court. Significantly, *Riley III* asserts the exact same four state law claims (breach of contract, negligence, fraud and unjust enrichment) against SPS which were originally disposed by this Court on summary judgment in *Riley II* over two years ago.

On March 14, 2008, SPS filed an Answer to Plaintiff's Complaint. This time, however, SPS, left with no other option, finally asserted a Counterclaim for Declaratory Judgment (Pacer Doc. No. 8) against Plaintiff in an attempt to make certain that the parties respective duties and obligations with respect to the subject mortgage loan are fully and finally resolved.

On May 16, 2008, SPS filed its Motion for Summary Judgment (Pacer Doc. No. 20) and Brief in Support of Summary Judgment (Pacer Doc. 19). Plaintiff was given ample opportunity to respond to SPS' summary judgment submission, but failed to make any effort to do so. In fact, she essentially ignored each and every order entered by Judge Capel. *See* June 24, 2008 Order (Pacer Doc. No. 25) at pp. 3-4. However, rather than issuing a ruling on SPS' unopposed summary judgment submission and dismissing *Riley III* with prejudice, Judge Capel recommended that *Riley III* be dismissed without prejudice.

## ARGUMENT

### A.    SPS's Counterclaim Should Not Be Dismissed.

SPS has asserted a counterclaim in this case on which it is entitled to judgment on the merits pursuant to Fed. R. Civ. P. 56. SPS's counterclaim against Plaintiff seeks a declaration that (1) Plaintiff is in default on her obligations under the note and mortgage, and (2) SPS is entitled to exercise all remedies available under the note and mortgage, including the right to invoke the power of sale. Plaintiff has not bothered to file an answer the counterclaim, much

less oppose SPS' request for declaratory relief. The Magistrate's Order *sua sponte* dismisses SPS' valid counterclaim without addressing the merits of that claim or the justification for dismissal. SPS' counterclaim should not be dismissed without prejudice. Such a result would only serve to "punish" SPS, not Plaintiff.

    **B.    SPS Is Entitled to Final Summary Judgment on the Merits as to all Claims Asserted in Plaintiff's Complaint.**

SPS has also a filed well-supported summary judgment brief setting forth multiple and alternative grounds for dismissal of *Riley III*. Plaintiff has failed to respond to SPS' summary judgment brief, despite being afforded ample opportunity to do so. The material facts are undisputed and the legal arguments advanced by SPS are dispositive.

Moreover and possibly more importantly, the these very same claims were fully briefed by the parties and considered by Magistrate Judge Susan Walker and District Judge Keith Watkins in *Riley II* over two years ago – both Judge Walker and Judge Watkins concluded that SPS was entitled to summary judgment. Nothing has changed since the Eleventh Circuit directed the dismissal of *Riley II* for lack of jurisdiction – Plaintiff refuses to make mortgage payments (while enjoying her home) and filed *Riley III* (asserting the same claims advanced in *Riley II*) when SPS invoked the power of sale.

Although the Magistrate's Order dismissing *Riley III* without prejudice is described as a "drastic measure", such a result would actually be a victory for the Plaintiff. This is because Plaintiff will remain her home without making her mortgage payments. Based on past experience, once SPS retains counsel to begin the foreclosure process, Plaintiff will file *Riley IV* to halt the foreclosure process. The parties would then find themselves in the very same posture they are currently in – a pending summary judgment motion based upon undisputed facts and uncontroverted evidence.

5

SPS has incurred considerable expense in removing *Riley III* to federal court, filing its responsive pleading, and briefing its motion for summary judgment. SPS respectfully requests that this Court enter an Order disposing of Plaintiff's claims on the merits, so that Plaintiff can exhausted her anticipated appeals and this four-year dispute can finally be brought to end. The conservation of judicial resources, prevention of multiple lawsuits, resolution in a single action of all disputes arising from a single fact pattern, consistency of outcomes, and finality all weigh in favor of this Court's ruling on SPS' motion for summary judgment.

      **C.**    **In Addition to Summary Judgment, Plaintiff's Claims Should Also Be Dismissed With Prejudice Pursuant to Fed. R. Civ. P. 41(b).**

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these Rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed.R.Civ.P. 41(b). The district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Jones v. Graham,* 709 F.2d 1457, 1458 (11th Cir. 1983). Because a Rule 41(b) dismissal with prejudice is an extreme sanction, it should only be ordered "'where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice'". *Welch v. Comcar Indus.*, 139 Fed. Appx. 138, 139, 2005 WL 1189626, * 1 (11th Cir. 2005), citing *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999).

The Eleventh Circuit has indicated that this sanction is appropriate when "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K. Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1338 (11th Cir. 2005) (citation omitted). *See also Hudson v. Cardwell Corp*. 2006 U.S. Dist. Lexis 55306 * 2 (S.D. Ala. 2006) (holding that "[c]ontumacious

6

conduct warranting dismissal for failure to prosecute includes such activities as 'protracted foot-dragging,' 'defiance of court orders,' 'ignoring warnings,' and 'wasteful expenditure of the court's time.'"). Judge Capel described Plaintiff's conduct in the present case as follows:

> **It appears Riley is under the mistaken belief that because she is not happy this case was removed to federal court, she is not under any obligation to comply with the Court's Orders. Riley has, to date, failed to comply with four Orders of the Court (Docs. #6, 14, 17, 23). So far, Riley's only response to any of the Court's Orders was an objection to the Court issuing orders. (Doc. #12). It is clear that no manner of warning will induce Riley to prosecute this action.**
>
> . . .
>
> **Riley's clear patter of failing to comply with the Court's Orders evidences not only an abandonment of her claim, but a lack of deference for this Court and its authority**.

*See* June 24, 2008 Order (Pacer Doc. No. 25) at p. 4 (emphasis added).

Plaintiff's willful and blatant disregard of Judge Capel's Orders clearly warrants dismissal of this action with prejudice. Moreover, Plaintiff's *pro se* status does not excuse her noncompliance; *pro se* litigants are obligated to obey discovery orders. *Morton v. Harris*, 628 F.2d 438, 440 (5th Cir. Unit B 1980).[2] This is particularly true where, as here, the *pro se* Plaintiff previously represented herself before this Court in *Riley II*, submitted a brief in opposition to summary judgment (Pacer Doc. No. 23), objected to the Magistrate's Report and Recommendation (Pacer Doc. 38), filed a Motion for Reconsideration of Judge Watkins' Order adopting the Report and Recommendation (Pacer Doc. No. 41), and timely filed a Notice of Appeal to the Eleventh Circuit (Pacer Doc. No. 43). Accordingly, the only sanction that will suffice in this case is dismissal with prejudice.

---

[2] Decisions rendered by the former Fifth Circuit before October 1, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Pritchard, Ala.,* 661 F.2d 1206, 1209-1211 (11th Cir. 1981).

01661189.1

## **CONCLUSION**

This Court should not adopt Magistrate Judge Capel's June 24, 2008 Report and Recommendation. Instead, SPS respectfully requests that this Court grant summary judgment in favor of SPS and dismiss Plaintiff's lawsuit with prejudice.

/s John David Collins
Thomas W. Thagard III
John David Collins

Attorneys for Defendant
Select Portfolio Servicing, Inc.

**OF COUNSEL:**

MAYNARD, COOPER & GALE, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Telephone: 205-254-1000
Facsimile: 205-254-1999

01661189.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 7th day of July, 2008 a copy of the above and foregoing was placed in the United States mail, postage prepaid, affixed hereto, and served upon the following non-participant in CM/EFC system:

Rosemary C. Riley, Pro Se
901 Brookland Curve
Montgomery, Alabama 36117
(334) 273-9119

John W Scott
Kimberly W. Geisler
SCOTT DUKES & GEISLER PC
2100 Third Avenue North, Suite 700
Birmingham, AL 35203

                                                  s/ John David Collins
                                                  OF COUNSEL

01661189.1