IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

         MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | |
|---|---|
| ROSEMARY C. RILEY,            )<br>                               )<br>    Plaintiff,               )<br>                               )         CIVIL ACTION NO.<br>    v.                         )          2:08cv132-MHT<br>                               )               (WO)<br>NATIONSCREDIT FINANCIAL        )<br>SERVICES CORPORATION and       )<br>FAIRBANKS CAPITAL              )<br>CORPORATION,                   )<br>                               )<br>    Defendants.                )  | |

                            OPINION

   Because, with its motions for dismissal for insufficient service of process, defendant NationsCredit Financial Services Corporation is entitled to only dismissal without prejudice of plaintiff Rosemary C. Riley's claims, see 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 at 345-46 (3d ed. 2008) (because dismissal on Rule 12(b)(5) for improper service of process is not on the merits, it would be error to dismiss with prejudice); because the

magistrate judge recommends dismissal without prejudice of Riley's claims against NationsCredit Financial, albeit for want of prosecution; and because Riley has not objected to the magistrate judge's recommendation, the appropriate outcome for these parties as well as for the magistrate judge is dismissal without prejudice. Moreover, after an independent and de novo review of the record, the court believes that the magistrate judge's recommendation should be adopted to this extent.

To the extent the magistrate judge recommends that Riley's claims against defendant Fairbanks Capital Corporation (now known as Select Portfolio Servicing, Inc.) should be dismissed without prejudice, the recommendation is moot. The court has already entered summary judgment in favor of Fairbanks Capital and against Riley.

The court, however, rejects the recommendation to the extent the magistrate judge recommends that the counterclaim Fairbanks Capital has against Riley should

be dismissed because Riley is guilty of want of prosecution of her claims.  While a court has both the rule authority, Fed.R.Civ.P. 41(b), and the inherent authority, <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 629-630 (1962), to dismiss a claim that a party has failed to prosecute, this court is unaware of any authority that would allow it, based on one party's failure to prosecute, to dismiss the claim of another party that has not engaged in such failure.  In other words, it would not seem just that the court could sanction or punish one party and dismiss its claim based on another party's derelict conduct.  Here, the record is void of anything that would suggest that Fairbanks Capital has failed to prosecute its counterclaim; indeed, Fairbanks Capital has conscientiously pursued its counterclaim.

    An appropriate judgment will be adopted.

    DONE, this the 26th day of August, 2008.

                           <u>/s/ Myron H. Thompson</u>
                            UNITED STATES DISTRICT JUDGE